FREEMAN *et al. v.* WOODMEN OF THE WORLD LIFE
INSURANCE SOCIETY.

No. 15268.    NOVEMBER 14, 1945.

*John R. L. Smith,* for plaintiffs.

*E. D. Rivers, W. E. Watkins,* and *Benjamin B. Garland,* for defendant.

JENKINS, Presiding Justice. (After stating the foregoing facts.) ■ The Code, § 95-9913, provides as follows: "Any railroad company or any person violating any of the provisions of Chapter 95-18, relating to 'safe' and 'unsafe' railroad crossings, or failing to observe the requirements thereof, shall be guilty of a misdemeanor and on conviction shall be punished by a fine of not less than $5 nor more than $50, which fine may be enforced by the court by an alternative sentence of imprisonment not exceeding 15 days in the event the fine is not paid. Prosecutions shall be by indictment or accusation only, and no warrant for the arrest of one charged with such violation shall be issued." It cannot be said that the criminal provisions of this section are nullified merely

because a defendant railroad company is prohibited from invoking its provisions in a suit against it for an injury to person or property at or near such a railroad crossing; nor is such the case because the criminal statute (§ 95-9913) prohibits a prosecution except by indictment or by accusation, and provides that no warrant for the arrest of one charged with such a violation shall be issued.

The section merely puts violators of the unsafe crossing law under a status similar to that of violators of the criminal statute prohibiting the use of abusive or obscene language (Code, § 26-6303), in which case, § 26-6304 provides that such offense shall be inquired into only upon a presentment made or indictment found by the grand jury; except that here the offender may also be tried by accusation. The provision in the criminal statute here involved (§ 95-9913), that "Prosecutions shall be by indictment or accusation only, and no warrant for the arrest of one charged with such violation shall be issued," necessarily must be taken to mean only that no warrant for the arrest of such offenders as the term "warrant" is ordinarily used shall be taken by any citizen. Under no sort of strict construction can such provision be reasonably construed to nullify the right of the court to bring the accused before it under a specifically authorized indictment or accusation.

■ The Code, § 95-1808, provides: "A failure to observe the provisions of this Chapter shall not be considered as an act of negligence per se in any action against the railroad company for injury to person or property, but the facts relating to any failure to observe the requirements thereof may be considered along with the other facts in the case in determining the question of negligence, if any: Provided, that in the trial of any civil case involving damages to person or property at or near any such crossing it shall be unlawful for this law to be read to or commented on before any jury impanelled to try such civil case, nor shall the judge upon the trial of such civil case charge the provisions of this Chapter, the true intent of this law being not to change the existing law in reference to civil cases for the recovery of damages on account of personal injuries or property damage at or near any railroad crossing: Provided, further, that the charging, reading or discussing of this law within the hearing of a jury in the trial of a case arising from injuries sustained or suffered at or near a railroad crossing shall constitute reversible error."

4

It is the duty of courts to arrive at and enforce the true intention of statutes in accordance with the language used. In resolving any ambiguity, the entire provisions of a statute should be construed together. The question here is whether § 95-1808 shall be taken to refer exclusively to suits against railroad companies, on account of injuries sustained or suffered at or near railroad crossings, or whether it was the intention of the section to give broader scope so as to apply the prohibitions relating to the trial in a suit on a contract of insurance where the death of the insured was there sustained. It would appear that, in a proper interpretation of the intent of this statute, the most significant provision therein contained is that wherein the statute undertakes for itself to resolve ambiguities, and by its own language to construe itself. This clause is as follows: "The true intent of *this law* being not to change the existing law in reference to civil cases for the recovery of damages on account of personal injuries or property damage at or near any railroad crossing." (Italics ours.) The additional provision then added, and in the same sentence, on which the movant mainly relies, cannot reasonably be taken to nullify what has just been previously stated, by changing the plainly expressed purpose and intent of the statute, but should be taken merely to provide that a violation thereof would amount not to harmless but to reversible error. It is true that in this last mentioned clause of the sentence the particular character of the case being referred to is not yet again specifically limited to suits for damages on account of personal or property injuries, but the language merely refers to the trial of "a case arising from injury sustained or suffered at or near a railroad crossing," and provides that reference on the trial to the statutory duty thus imposed on drivers of motor vehicles would constitute reversible error. It should not be assumed that, in making this additional provision, the provision itself did not set forth its own intent, but that the intention was to contradict what had just been plainly stated as the purpose and scope of the law; especially so when, as pointed out by the Court of Appeals, the present suit is against an insurance company for money alleged to be due on a contract, and is not, therefore, "a case arising from injury sustained or suffered at or near a railroad crossing." That the death of the insured was occasioned at a railroad crossing is true, but the gist of the action

is on a contract providing for a fixed sum upon the death of the insured. The gist of the action is the contract, payment of premiums, and the death of the insured. That he died at a railroad crossing, is not the gravamen of the action, although true incidentally; and consequently this is not "a case arising from injury sustained or suffered at or near a railroad crossing;" especially when the act itself interprets its own "true intent" to be "not to change the existing law in reference to civil cases for the recovery of damages" on account of injuries at railroad crossings.

■ With reference to the other special demurrer, paragraph 8 of the answer as amended was as follows: "George H. Freeman (the insured) met his death by the collision of the motor vehicle, in which he was riding and driving, with a locomotive at a railroad crossing, commonly known as Higgins Crossing, in Butts County, Georgia, which crossing had been classified as an unsafe crossing, and properly marked as such by the erection of a white sign with red letters thereon placed on the right-hand side of the approach to said crossing and approximately 100 feet from the rails of said railroad track. Said Freeman failed to bring the motor vehicle in which he was riding and driving to a full stop at a distance of not more than 50 feet from the nearest rail of the track before attempting to drive over said unsafe crossing. Said failure to comply with the provisions of § 95-1804 of the Code, by bringing the motor vehicle in which he was riding and driving to a full stop before attempting to cross this unsafe crossing is by the provisions of § 95-9913 denominated a misdemeanor."

The original demurrer to paragraph 8, which was renewed after an amendment, was as follows: "Now comes the plaintiff in the above-stated case and demurs to the eighth paragraph of the answer of the defendant in said case and moves the court to strike out said paragraph, upon the ground that it is not alleged in said paragraph nor anywhere in said answer how or in what respect said George H. Freeman violated § 95-1804 of the Code of Georgia of 1933; there being no fact or act alleged in said paragraph or in said answer which might constitute a violation of said section."

The Court of Appeals held as follows: "Paragraph 8 of the answer was demurred to on the ground 'that it is not alleged in said paragraph nor anywhere in said answer how or in what respect said George H. Freeman violated § 95-1804 of the Code of

Georgia of 1933, there being no fact or act alleged in said paragraph or in said answer which might constitute a violation of said section.' Thereupon, said paragraph was amended, as set forth in our original statement of the facts of the case, and the court held that the demurrer to the paragraph was 'met by the amendment.' The plaintiffs then renewed the demurrer to the paragraph as amended, and added to the demurrer the following ground: '(2) Also said plaintiffs specially demur to said paragraph, as amended, and move to strike out the same on the ground that § 95-1804 of the Code of Georgia cannot be applied in this case, since § 95-1808 of said Code makes it reversible error to charge, read, or discuss said § 95-1804 in the hearing of a jury in the trial of this case.' No other special demurrer was filed against paragraph 8 of the answer as amended, and the contentions made in the motion for a rehearing (that said amended paragraph failed to allege that the crossing was designated as 'unsafe' by the county road authorities, or that the sign was not less than 10 feet from the ground, or that it was not less than 30 inches by 40 inches in size, or what were the words or letters of the sign, or that the letters were 9 inches high) show no cause for a rehearing since such alleged defects in the paragraph should have been pointed out by special demurrer." We find no error in this ruling.

*Affirmed. All the Justices concur.*