A92A0381. ERWIN v. GIBSON et al.
(421 SE2d 752)

BIRDSONG, Presiding Judge.

We granted discretionary appeal to defendant Frankie Lane Erwin in this personal injury case, as to the trial court's refusal to set aside a default judgment in the amount of $257,000. Appellant timely forwarded to his insurer the complaint which had been served on him. The insurer undertook, but failed, to file a timely answer; the reason offered is that the adjustor engaged in settlement negotiations with plaintiffs' attorney and was awaiting a return call from plaintiffs' attorney on an offer of $15,000, but instead plaintiffs took a default judgment. It is not contended there was any fraud by plaintiffs' attorney in the matter.

Defendant was not given notice of a hearing on the amount of damages, although defendant's location was known to plaintiffs, and although OCGA § 9-11-55 (a) as to default judgments mandates that if the action "is one ex delicto or involves unliquidated damages," plaintiffs shall be required to introduce evidence as to the amount of damages "with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of

such damages." *Held*:

OCGA § 9-11-55 (a) appears to give a guarantee to a defaulting defendant of a hearing as to amount of damages in ex delicto actions and cases involving unliquidated damages, but then fails to provide that notice of such a hearing must be given to the defaulting defendant.

In *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653 (402 SE2d 753) and *Newell Road Bldrs. v. Ramirez*, 126 Ga. App. 850 (192 SE2d 184) we applied the general waiver provisions of § 9-11-5 (a) to the provisions of § 9-11-55 (a) entitling a defaulting defendant in certain cases to introduce evidence on amount of damages. We concluded that, because he failed to answer the suit, a defaulting defendant has waived his right to notice of the hearing to which the default statute entitles him when he fails to answer the suit.

OCGA § 9-11-55 (a) mandates that a defendant who fails to file an answer is entitled to introduce evidence as to ex delicto or unliquidated damages, and OCGA § 9-11-40 (b) authorizes the judges of courts of record, "on reasonable notice to the parties," to hear any matter or issue where a jury trial is not required; we find no rule which provides that a plaintiff is not required to give notice to a defaulting defendant that he intends to take a default judgment for unliquidated or ex delicto damages. As to the requirement to consider the whole law on a subject and its purpose and to harmonize all its parts, see *State Revenue Comm. v. Alexander*, 54 Ga. App. 295, 296 (187 SE 707); and see *Freeman v. Woodmen of the World &c. Ins.*, 200 Ga. 1, 4 (36 SE2d 81). There can be no general waiver of what a party has no notice (see *City of Albany v. Mitchell*, 81 Ga. App. 408 (59 SE2d 37)); a defendant who fails to answer a suit is given certain rights by the default statute, so if he has not had notice of a hearing on the amount of damages in an ex delicto or unliquidated damages case, he cannot waive the right thereto. Moreover, since OCGA § 9-11-55 (a) provides that a plaintiff is entitled to default judgment *"unless"* the action is one ex delicto or involves unliquidated damages, it would appear that a plaintiff has a prima facie right to default judgment for damages *only* in cases ex contractu or involving a liquidated amount (see *Hubert v. Lawson*, 146 Ga. App. 698, 700 (247 SE2d 223)), and it would appear that plaintiff does not have a right to ex delicto or unliquidated default damages unless he introduces evidence as to damages, "with the right of the defendant to introduce evidence." According to *Newell Road Bldrs.*, however, the rights which the default judgment statute expressly gives to a defendant who fails to answer a lawsuit are deemed waived *because* he failed to answer the suit; and according to *Chrysler Credit Corp.*, supra, it does not appear that this court is inclined to re-examine the matter. Accordingly, the default judgment for $257,000 is affirmed.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JULY 10, 1992 —
REONSIDERATION DENIED JULY 23, 1992 —

*Davis & White, Jefferson L. Davis, Jr., Brinson, Askew & Berry, Hendrick L. Cromartie III, Joseph B. Atkins, Jenkins & Eells, Frank E. Jenkins III, Steven J. Misner,* for appellant.
*Jones & Ledbetter, Joseph D. Little,* for appellees.