## A93A1393. HILL et al. v. JOHNSON.
(437 SE2d 801)

BIRDSONG, Presiding Judge.

George Hill, Jr., and Creative Mortgage Brokers appeal from the entry of a default judgment in favor of Joseph Earl Johnson for $2,500 special damages, $136.51 interest, and $25,000 punitive damages. Appellants contend the trial court erred by denying a motion for new trial that asserted punitive damages were unauthorized because the court did not first make a specific finding that the award of punitive damages was proper on a verdict form as required by OCGA § 51-12-5.1. *Held*:

Johnson's complaint against Hill and Creative Mortgage Brokers alleged that in response to their advertisements he met with Hill about securing a loan for $32,000 to purchase property, and in return for a $2,500 payment from Johnson, Hill agreed to secure the loan for Johnson. Hill received the $2,500 and gave Johnson a receipt stating that the money would be held in escrow for 45 days, and that if the loan was not obtained the sum was refundable in full. Although no loan was secured and Hill promised on numerous occasions to return the money, Hill did not refund the $2,500.

The complaint further alleged that Hill was indebted to Johnson in the amount of $2,500; that Hill defrauded Johnson; that Creative Mortgage Brokers affirmed and ratified Hill's actions; that Hill's actions were evidence of wilful misconduct or fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences; and further that "such actions merit the award of punitive damages to plaintiff under OCGA § 51-12-5.1." Additionally, the complaint specifically prayed for the imposition of $25,000 in punitive damages as required by OCGA § 51-12-5.1. Although this complaint was served upon the defendants, no answer or responsive pleading was ever filed by either defendant.

Thereafter, the court issued a default judgment reciting that as

the defendants had failed to answer within the time prescribed by law and that the default was not opened within the grace period as a matter of right, judgment on liability was entered against both defendants. The trial court's judgment also recited that damages would be assessed after a hearing. Although notified that a hearing on damages would be held, the defendants did not appear at the time and place designated for the hearing. Thereafter, the hearing was conducted, evidence received, and judgment entered for Johnson.

Appellants contend the award of punitive damages must be reversed because the lower court did not follow the exact procedures specified in OCGA § 51-12-5.1 by making a specific finding on a verdict form that punitive damages were authorized. See OCGA § 51-12-5.1 (d) (1). Assuming without deciding that it is always error for the trial court not to comply exactly with the requirements of OCGA § 51-12-5.1 in a default judgment action (see *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 656 (402 SE2d 753)), we find the failure to do so in this case was harmless error.

The allegations in the complaint summarized above, including the statement that "such actions merit the award of punitive damages to plaintiff under OCGA § 51-12-5.1" must be taken "as if every item and paragraph of the complaint . . . were supported by proper evidence" (OCGA § 9-11-55 (a)), coupled with the default judgment granting judgment to Johnson on liability, are sufficient to satisfy the requirement in OCGA § 51-12-5.1 (d) that "the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made." Further, the record shows that prior to awarding the punitive damages, the trial court conducted a separate hearing and received evidence on damages thereby satisfying both OCGA §§ 51-12-5.1 and 9-11-55 (a). Therefore, we find that appellants were not harmed by the procedures used by the trial court. Consequently, as an appellant must show harm as well as error to prevail on appeal (OCGA § 9-11-61; *Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892); *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328)), we find that appellants' claims are without merit.

Moreover, we find this case to be distinguishable from *Chrysler Credit Corp. v. Brown*, supra. In this case the only deviation from the statute was the failure of the trial court to recite in the default judgment what was evident from the complaint, i.e., that an award of punitive damages should be made. In all other particulars, the default judgment and the judgment met the criteria established in OCGA § 51-12-5.1. Further, we have previously held that compliance with OCGA § 51-12-5.1 can be waived and that one cannot acquiesce in deficient procedures and then contest them on appeal (*Shaw v. Ruiz*, 207 Ga. App. 299, 300-301 (428 SE2d 98)), and we cannot ignore the fact that Hill contributed to this deviation by his failure to partici-

pate in these proceedings despite being given notice of the damages hearing, and he failed to dispute Johnson's entitlement to punitive damages as prayed for.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993.

*Swift, Currie, McGhee & Hiers, W. Allen Evans*, for appellants. *Edward B. Stalnaker*, for appellee.