A93A2238. BURNETTE et al. v. McCARTER et al.
(440 SE2d 488)

JOHNSON, Judge.

William McCarter and James Davenport filed a complaint in the Superior Court of Union County, alleging that they were defrauded by Clarence Burnette and Dominey-Burnette Underwriters, Inc., who collected insurance premiums from them and then failed to remit the payments to the insurance carrier. Burnette and Dominey-Burnette filed an untimely answer. After Burnette failed to appear for a deposition, McCarter and Davenport filed a motion for sanctions pursuant

to OCGA § 9-11-37 (d), asking the court to strike the answer and enter a default judgment. Burnette also failed to appear at the hearing on that motion. The trial court granted the motion, struck the answer of Burnette and Dominey-Burnette, entered default judgment in the amount of $7,716 in favor of McCarter and Davenport and ordered that their claim for punitive damages be determined by a jury. Burnette appeared for the jury trial. The jury awarded punitive damages of $75,000 to McCarter and Davenport. The trial judge made that verdict the judgment of the court. Burnette and Dominey-Burnette filed a motion for a new trial and j.n.o.v. The court denied the motion; Burnette and Dominey-Burnette appeal.

1. Burnette and Dominey-Burnette contend that its motion for a new trial and j.n.o.v. should have been granted because the Union County Superior Court lacked jurisdiction and was an improper venue. These contentions are without merit. The superior court clearly had subject-matter jurisdiction over this fraud action. Ga. Const. 1983, Art. VI, Sec. IV, Par. I; OCGA § 15-6-8; *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979). The superior court also unquestionably had personal jurisdiction over Burnette and Dominey-Burnette because they are residents of Georgia and service of process was timely and properly perfected upon them. OCGA § 9-11-4; *Williams v. Fuller*, supra.

Furthermore, "[u]nder OCGA § 9-11-12 (b) the defenses of insufficient service, lack of personal jurisdiction and improper venue must be raised 'before or at the time of pleading.' [Cit.] Failure to raise these defenses either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of these defenses. [Cits.]" *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990). Burnette and Dominey-Burnette did not raise the defenses of lack of personal jurisdiction and improper venue in a motion filed before or with their answer. In their untimely answer, Burnette and Dominey-Burnette also did not expressly raise these defenses, although they did state that they "question" the averment in the complaint that the trial court has personal and subject-matter jurisdiction. This statement in the answer, however, is an improper pleading in that it neither admits nor denies the averment. "A party shall state in short and plain terms his defenses to each claim asserted and *shall admit or deny* the averments upon which the adverse party relies." (Emphasis supplied.) OCGA § 9-11-8 (b).

Moreover, "[e]very defense, in law or fact, shall be *asserted* in the responsive pleading thereto if one is required." (Citation and punctuation omitted; emphasis in original.) *Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 782 (3) (371 SE2d 407) (1988). In their answer, Burnette and Dominey-Burnette failed to *assert* the defenses of lack of personal jurisdiction and improper venue; not only did they

fail to properly deny the averment in the complaint that the court had personal jurisdiction, they also did not even refer to venue in the answer. Burnette and Dominey-Burnette waived those defenses by failing to assert them in the answer or a timely motion. OCGA § 9-11-12 (h). The trial court properly denied their motion for a new trial and j.n.o.v.

2. Although Burnette and Dominey-Burnette complain that the form of the verdict does not comply with the requirements of OCGA § 51-12-5.1, they have not alleged, and there is no indication in the record, that they raised this challenge in the trial court. Burnette and Dominey-Burnette therefore cannot raise it for the first time on appeal. *Shaw v. Ruiz*, 207 Ga. App. 299, 300 (1) (428 SE2d 98) (1993); *Dunkin' Donuts of America v. Gebar*, 202 Ga. App. 450, 453 (3) (414 SE2d 683) (1992). Moreover, even if we assume, without deciding, that the form of the verdict deviated from the requirements of OCGA § 51-12-5.1, Burnette and Dominey-Burnette have failed to show any harm from such deviation. See *Hill v. Johnson*, 210 Ga. App. 824 (437 SE2d 801) (1993).

3. Burnette and Dominey-Burnette claim that the punitive damages award is not reasonably related to the actual damages inflicted or to their wealth. Because the record does not contain a transcript of the trial, we cannot determine whether the award is reasonable. "An appeal with enumerations of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in an affirmance." (Citations and punctuation omitted.) *American Assn. of Cab Cos. v. Abdillahi*, 206 Ga. App. 124 (424 SE2d 382) (1992).

4. The appellants' remaining enumerations of error are not supported by argument or citation of authority and are therefore deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Candler v. Davis & Upchurch*, 204 Ga. App. 167, 168 (1) (419 SE2d 69) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 18, 1994 —
RECONSIDERATION DENIED FEBRUARY 1, 1994 —

*Douglas R. X. Padgett*, for appellants.
*Wesley Williams*, for appellees.