A95A1405. KEITH v. ALEXANDER UNDERWRITERS
GENERAL AGENCY, INC.
(463 SE2d 732)

BEASLEY, Chief Judge.

On December 17, 1993, Alexander Underwriters General Agency,

Inc. ("Underwriters") filed a complaint against "L. L. KEITH DBA GREENVILLE INSURANCE AGENCY" on an open commercial account. On December 29, a deputy sheriff served Keith's father, Latzak, who operated the insurance agency in Greenville. The deputy marked the return of service in the space designating that Latzak was "domiciled at residence of defendant." In fact, Keith did not reside there or anywhere with her father, nor anywhere in Meriwether County, and she was never served with the complaint and summons.

Latzak himself filed an answer and counterclaim on January 24, 1994, signing it "(Individually), and as Agent for Greenville Insurance Agency." On March 4, Underwriters moved to dismiss or strike the answer because it had sued Keith individually, Latzak was not a member of the bar and therefore could not answer for an individual, and the Greenville Insurance Agency was not a corporate entity for which Latzak could file a pro se answer. Keith, through counsel, filed an entry of appearance on March 16, and a "Recast Answer and Counterclaim" on April 1.

On April 29, Underwriters moved to enter a default judgment for want of a timely answer. This motion was granted on June 23. It does not appear the court ever acted on the earlier motion to dismiss or strike the answer. Although Keith filed a notice of appeal in the trial court from the entry of default judgment, no appeal was docketed in this court at that time. She then moved to set aside the default judgment in the trial court. The court denied that motion, noting that the earlier notice of appeal did not deprive it of jurisdiction because Keith had not paid costs in the trial court. OCGA § 5-6-46 (a); *Rockdale Awning &c. v. Kerbow*, 210 Ga. App. 119, 120-121 (1) (435 SE2d 619) (1993). Her application for discretionary appeal to this Court was granted and this appeal followed. She contends that the motion to set aside should have been granted and the court erred in entering a default judgment. See OCGA § 5-6-34 (d).

" '[D]efault judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits[,] for default judgment is not favored in the law.' " *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 328 (1) (444 SE2d 578) (1994). Keith contends the default judgment was not proper because a timely answer was filed.

Underwriters' motion to enter default, and its opposition to Keith's motion to set aside, rested upon the assumption that service was proper and upon the argument that Latzak's answer was ineffective, leaving no answer within the 30-day period required by OCGA § 9-11-12 (a), or even within the additional 15-day "grace period" allowed under OCGA § 9-11-55 (a). Keith's motion to set aside the default pursuant to OCGA § 9-11-60 (d) (1) was based on the failure to serve Keith and improper venue. Underwriters contends these de-

fenses were waived by a failure to raise them in the answer or by timely motion. See OCGA § 9-11-12 (b); *Burnette v. McCarter*, 211 Ga. App. 781, 782 (1) (440 SE2d 488) (1994).

The first document filed in the trial court that purported to be an answer was filed by Latzak on January 24. This was within 30 days of service of the complaint upon Latzak, but it was not an answer or appearance by Keith.

Suit was filed against "L. L. KEITH DBA GREENVILLE IN-SURANCE AGENCY." There is no legal entity named the Greenville Insurance Agency, which appears to be only a trade name. Thus, only Keith was sued; the inclusion of "DBA GREENVILLE INSURANCE AGENCY" does not alter that fact and it cannot make a nonexistent entity a party to the suit. Accord *Fulton Paper Co. v. Reeves*, 212 Ga. App. 314, 316 (2) (441 SE2d 881) (1994); *Funderburg v. Farr Furniture Co.*, 111 Ga. App. 271, 272-273 (2) (141 SE2d 600) (1965). Keith was not served because she was not domiciled at the address at which Latzak was served, and the record contains no other evidence of service upon her. See OCGA § 9-11-4.

Keith had given Latzak power of attorney to operate the insurance agency, including the authority to "collect, sue for, settle, adjust or compromise and claim for money arising by contract or tort. . . ." She also gave him authority "[t]o do any other thing or perform any other act, not limited to the foregoing, which [she] might do in person, it being intended that this shall be a general power of attorney." It is contended this gave Latzak the authority to file a pro se answer to the complaint on her behalf.

Only a duly licensed attorney may answer a complaint for a person who does not appear pro se. OCGA § 15-19-51 (a). Even if the law allowed a person to give another the power to make a pro se answer on her behalf by executing a power of attorney, this document evidences no such an intent. " '[A] formal power of attorney is subject to a strict construction,' and 'general terms in it are restricted to consistency with the controlling purpose . . .' [cits.], yet . . . 'the agent's authority shall be construed to include all necessary and usual means for effectually executing it.' [Cit.]" *LeCraw v. LeCraw*, 261 Ga. 98, 99 (401 SE2d 697) (1991). The power of attorney was patently given to allow Latzak to operate the insurance agency. It contains no specific authority to accept service for her or to represent her in a suit against her. The general terms do not implicate such authority either; the power to make a response in a personal suit would be far beyond what would be needed to operate Keith's insurance business.

Additionally, even if the law allowed such, Latzak's answer in no way purports to be a response for Keith. It is signed by Latzak "(Individually), and as agent for Greenville Insurance Agency." It does not mention Keith nor suggest it is responding for her. Rather, the

answer shows that Latzak is attempting to represent two separate entities: (1) himself, and (2) Greenville Insurance Agency. The fact that he was not named a defendant to the action and had no right to pursue a counterclaim does not convert the answer into a pro se answer for Keith.[1] Nor does his attempt to answer for "Greenville Insurance Agency," not a legal entity, convert this document into a pro se answer for Keith simply because she is the person doing business under that name and had given Latzak a power of attorney to operate the business.

Underwriters agrees that Latzak's answer was insufficient to constitute an answer on Keith's behalf, but argues it nonetheless served as an "appearance" on her behalf, waived her jurisdiction and venue defenses by not raising them, *Burnette*, supra, yet still was ineffective to save her from default. This position is logically untenable. Latzak could not waive defenses of jurisdiction and venue for Keith because he did not answer for Keith. Had he answered for Keith, he may have waived certain of her defenses but default for failure to timely answer would not have occurred. Latzak's answer did not serve as an answer for Keith and did not effect a waiver of her right to service of process. " '[A] default judgment based upon other than legal service is a nullity, (cit.).' [Cit.]" *Hamm v. Willis*, 201 Ga. App. 723, 724 (3) (a) (411 SE2d 771) (1991). As there was no service upon Keith on December 29, 1993, she could not be in default 31 days thereafter. Id. See OCGA §§ 9-11-12 (a); 9-11-55 (a).

Although not initially served, Keith did later waive service by filing a general entry of appearance on March 26. *HAP Farms v. Heard*, 209 Ga. App. 684, 685 (1) (a) (434 SE2d 118) (1993). A waiver by appearance is in effect a substitute for service, and the time the appearance is made "is the equivalent of the time service of process is made in a normal case." *Hamm*, supra at 725 (3) (b). Thus, Keith had 30 days from the time she filed her entry of appearance to file her answer. Id. She first appeared on March 26 and complied with the answer requirement less than 30 days later, on April 1, by filing her "Recast Answer and Counterclaim."

The reference to another document filed in the case does not transform that legally insufficient document into a legally sufficient one by the imposition of an elastic meaning of adoption by reference. Nor does her reference to herself, in the general appearance, as "Defendant/Counterclaimant, in the above-styled action" enliven the ineffectual answer. Even if this is viewed as an implicit adoption of Latzak's answer and counterclaim, the result does not change. There

---

[1] After Keith's entry of appearance through counsel, Latzak, through the same counsel, moved to intervene and assert a claim on his own behalf.

was still no valid service upon Keith, and no waiver of service until her appearance. She was not called upon to answer until that time. If she adopted Latzak's answer in her entry of appearance, the substitute for service and the filing of the answer were simultaneous; the latter was not late. Thus, regardless of whether her appearance incorporated the purported answer or merely started the time running for answer to be made, that was accomplished within 30 days of the waiver of service.

Since Keith did not raise the issues of service or venue when she filed her entry of appearance, nor when she filed her "recast" answer, they cannot be resurrected. *Hamm*, supra at 724-725 (3) (b).

At the end of this rocky procedural road stands the conclusion that, as a matter of law, Keith was never in default. It was error for the trial court not to set aside the erroneously entered judgment.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 7, 1995.

*Edward W. Klein III, Paul T. Wright*, for appellant.
*Venema, Doherty & Delashmit, J. Marcus Replogle, Michael L. Wetzel*, for appellee.