A96A0477. WAL-MART STORES, INC. v. FORKNER.
(471 SE2d 30)

Judge Harold R. Banke.

Wal-Mart Stores, Inc. ("Wal-Mart") appeals the punitive damages awarded by the default judgment entered on behalf of Tommy O. Forkner.

Forkner sued Wal-Mart for assault and battery and false imprisonment and sought general and punitive damages. Forkner's complaint alleged that Wal-Mart had acted wilfully with conscious indifference to consequences and an entire want of care. After Wal-Mart failed to file an answer or defensive pleadings, despite being properly served, the trial court entered a default judgment on the issue of liability. Prior to the trial to determine damages, Wal-Mart received notice of the default judgment and also of the pending damages hearing. Despite this notice, Wal-Mart failed to make an appearance, and

Forkner, as the sole witness, testified at the bench trial on damages. In awarding damages, the trial court specifically determined that Wal-Mart's "agents and employees acted in a grossly negligent manner by falsely accusing Plaintiff of committing theft by shoplifting and by falsely imprisoning Plaintiff" and that Wal-Mart's conduct was "malicious and willful." The court awarded Forkner general damages, punitive damages, and court costs in the amount of $50,110. *Held*:

1. We reject Wal-Mart's contention that the trial court committed reversible error by failing to make a specific finding through a special verdict form that punitive damages were awardable as required by OCGA § 51-12-5.1 (d) (1). Wal-Mart's argument pedantically seeks to exalt form over substance since the trial court's choice of language on the face of the judgment shows an implicit finding that Wal-Mart's wilful and malicious misconduct justified the award of punitive damages. See *Hill v. Johnson*, 210 Ga. App. 824, 825 (437 SE2d 801) (1993). The trial court set forth four pages of findings of fact and conclusions of law making it abundantly clear that it deemed that Wal-Mart's actions in falsely imprisoning Forkner and engaging in assault and battery constituted wilful and malicious misconduct under OCGA § 51-12-5.1 (b). Even if we assume, without deciding, that the trial court erred by not making a specific finding on a verdict form that punitive damages were authorized, and in so doing deviated from the requirements of OCGA § 51-12-5.1 (d) (1), Wal-Mart has failed to show any harm due to that deviation. See *Burnette v. McCarter*, 211 Ga. App. 781 (440 SE2d 488) (1994); *Hill*, 210 Ga. App. at 825.

2. Similarly, we reject Wal-Mart's contention that the trial court committed reversible error by failing to state the specific amount of punitive damages and by failing to separate punitive damages from compensatory damages. As we have previously held, one cannot waive the right to participate in a damages hearing, passively acquiesce to deficient procedures under OCGA § 51-12-5.1, then contest the alleged deficiencies on appeal. *Hill*, 210 Ga. App. at 825. See also *Erwin v. Gibson*, 205 Ga. App. 136, 137 (421 SE2d 752) (1992).

Nor do we find persuasive Wal-Mart's contention that the purported deficiencies rendered the judgment void on its face and that enforcement of the judgment would result in a manifest injustice. Although the judgment fails to separate general and punitive damages, we believe that this omission was harmless error under these facts. Compare *Hill*, 210 Ga. App. at 825; and *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 656 (3) (402 SE2d 753) (1991) (judgment defective due to multiple flaws including a failure to find a specific intent to harm and an obvious error in the calculation of the amount of compensatory damages).

Because Wal-Mart failed to establish harm as well as error as required on appeal, we find Wal-Mart's claims are without merit. OCGA § 9-11-61; *Miller Grading Contractors v. Ga. Fed. Savings & Loan Assn.*, 247 Ga. 730, 733-734 (3) (279 SE2d 442) (1981); *Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892) (1990). Nor do we choose to ignore the fact that Wal-Mart's situation is of its own making due to its failure to appear at the damages hearing and participate in the proceedings despite being afforded an opportunity to do so.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED APRIL 30, 1996.

*McLain & Merritt, Howard M. Lessinger, Anthony A. Rowell*, for appellant.

*Donald B. Lowe III, Jan R. Gilbert*, for appellee.