A96A1571. JONES et al. v. ISOM.

(477 SE2d 139)

RUFFIN, Judge.

Sanchez Green and the passengers in his car sued Kelvin Isom for injuries allegedly sustained in an automobile collision which occurred on February 1, 1993. The complaint was filed in Fulton County on January 21, 1994. Green and his passengers appeal from the trial court's order granting Isom's motion to dismiss. For reasons which follow, we affirm.

The record shows that Green and his passengers originally filed suit against Isom in Clayton County, which was dismissed when Isom could not be served in Clayton County. Green and his passengers then refiled their complaint on January 21, 1994, in Fulton County. Isom's vehicle was insured by Southeastern Security Insurance Company ("Southeastern"), which retained attorney Stanley Coburn to defend the case.

Uncertain as to the status of the case, Coburn sent a letter dated March 27, 1994 to appellants' counsel to determine whether Isom had been served. Coburn sent a second letter with the same inquiry on July 8, 1994. Coburn mailed a third letter with the same inquiry and a request to dismiss the case on October 10, 1994. On May 18, 1995, sixteen months after suit was filed and three months after the statute of limitation expired, Coburn mailed a fourth letter to appellants' counsel, again requesting the complaint be dismissed because Isom had not been served.

In September 1995, Southeastern appointed new counsel to defend Isom: the law firm of Hertz & Link. Hertz & Link filed its notice of appearance on September 12, 1995.

On October 17, 1995, appellants' counsel filed a motion to enforce settlement. Thereafter, Isom's counsel filed a motion to dismiss on November 8, 1995 for failure to perfect service within the statute of limitation. Appellants' counsel also filed a notice to depose Isom, prompting Isom's counsel to file a motion for protective order. Appellants' counsel then filed a motion for sanctions, a motion for contempt, a motion for entry of default, and a motion for partial summary judgment. On December 22, 1995, the trial court entered an order granting Isom's motion to dismiss and declaring moot the remaining motions before the court.

1. In their first enumeration of error, appellants claim the trial court erred in granting Isom's motion to dismiss. According to appellants, this issue is controlled by *Keith v. Alexander Underwriters &c.*, 219 Ga. App. 36 (463 SE2d 732) (1995), since Isom's counsel filed an entry of appearance which obligated Isom to file an answer within 30 days. We disagree.

It is undisputed that Isom has never been personally served with

a copy of the summons and complaint. At issue is whether Isom's counsel's entry of appearance, filed twenty months after the complaint was filed and seven months after the statute of limitation expired, obligated Isom to file an answer. Isom asserts that the entry of appearance was filed in accordance with Uniform State Court Rules 4.2 and 4.6 for the purpose of notifying the trial court and opposing counsel that Coburn and his firm were no longer connected with the case and that future correspondence or notices should be sent to Hertz & Link. The notice of appearance stated, "[p]ursuant to Uniform Superior Court Rule 4.2 and effective this date, the law firm of Hertz & Link . . . has been retained to appear for and defend the interests of the named defendant, Kevin [sic] D. Isom."

This case is distinguishable from *Keith* since in *Keith* there is no indication that the statute of limitation had expired on the plaintiff's complaint. In *Keith*, we held that defendants waived service by filing an entry of appearance and that the time the appearance was made " 'is the equivalent of the time service of process is made in a normal case.' [Cit.]" Id. at 39. Thus, while the defendant in *Keith* waived service by filing a notice of appearance, the plaintiff was not obligated to show due diligence in perfecting service or to obtain a waiver of service for his claim to relate back to the time of filing.

It is well established that "where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation." (Citations and punctuation omitted.) *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991). It is the plaintiff's burden to show due diligence and lack of fault, and the trial court's determination regarding whether the plaintiff was guilty of laches will not be disturbed on appeal absent abuse. Id. See also *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996).

In the present case, the record fails to show any evidence that appellants made a diligent attempt to serve Isom. In fact, the trial court specifically noted that appellants "have not made any showing as to steps taken to insure service on [Isom]. . . ." Thus, even if Isom's counsel's notice of appearance constituted a waiver of service *at the time it was filed*, the burden was still on the appellants to show due diligence and lack of fault in failing to serve Isom within the statute of limitation. No such showing was made in this case. Accordingly, the trial court did not err in granting Isom's motion to dismiss based on appellants' failure to timely perfect service.

2. Appellants also claim the trial court erred in declaring moot their motion for entry of default, motion for partial summary judgment, motion to compel and for sanctions, and motion to enforce settlement. We disagree. As we have already determined in Division 1, the trial court correctly concluded that appellants failed to serve Isom within the applicable statute of limitation and properly granted Isom's motion to dismiss. Thus, appellants' motion for entry of default and motion for partial summary judgment were rendered moot.

Moreover, based on the trial court's ruling, the trial court lacked personal jurisdiction over Isom. See *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979) (jurisdiction of person obtained by proper service of process or waiver of service). It is well established that jurisdiction over a party must be established before the court can enter any ruling binding the party or the ruling is declared null and void. See *Estate of Marjorie C. Thurman v. Dodaro*, 169 Ga. App. 531, 532 (1) (313 SE2d 722) (1984). Since the trial court lacked personal jurisdiction over Isom, it lacked jurisdiction to rule on appellants' motion to compel, motion for sanctions and motion to enforce settlement.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 26, 1996.

*Paul C. Parker & Associates, William S. Sarandis, Philip L. Westee*, for appellants.

*Hertz & Link, Houston D. Smith III, Harvey G. Berss*, for appellee.