A03A0711. WISE MOVING & STORAGE, INC. v. RIESER-ROTH.
(578 SE2d 535)

PHIPPS, Judge.
Wise Moving & Storage, Inc. appeals a default judgment awarding Dorothy Rieser-Roth actual and punitive damages. Wise claims that the trial court erred in failing to specially find that punitive damages were awardable and in failing to hold a hearing on the amount of damages. Although we find no error in the form of the punitive damages award, we vacate the judgment and remand for further proceedings because the record is unclear on the question of whether a hearing on damages was held.

In her complaint against Wise, Rieser-Roth alleged that she had hired Wise to transport household goods; that before taking possession of the goods, Wise provided her with a cost estimate; that, after taking possession, Wise tripled the cost and then refused to deliver the goods unless the increased price was paid; that after Rieser-Roth made payment, Wise delivered damaged goods and failed to deliver other items that had been lost; that Wise then refused to repair the damaged items or to reimburse Rieser-Roth for them, even though she had paid for damage insurance; and that Wise refused to honor its agreement to replace lost items. The complaint charged Wise with theft, extortion, and fraud and requested punitive damages in an amount not less than $100,000 and actual damages in an amount not less than $6,500.

After being served with the complaint, Wise failed to answer or file other defensive pleadings. After the case had gone into default, the trial court entered an order scheduling this case for a "status/peremptory calendar" and thereafter entered a default judgment awarding Rieser-Roth $7,900 in actual damages and $10,000 in punitive damages. Following issuance of a writ of fi. fa. on the judgment, Wise filed a timely notice of appeal.

1. Wise contends that the award of punitive damages cannot stand because the trial court failed to specially find that punitive damages were awardable as required by OCGA § 51-12-5.1 (d) (1), which provides:

> An award of punitive damages must be specifically prayed for in a complaint. In any case in which punitive damages are claimed, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made. This finding shall be made specially through an appropriate form of verdict, along with the other required findings.

Under OCGA § 51-12-5.1 (b), "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Under OCGA § 51-12-5.1 (d) (2), it is "the duty of the trier of fact to set the amount to be awarded" as punitive damages.

In *Chrysler Credit Corp. v. Brown*,[1] Brown sued Chrysler Motor Corporation and a Chrysler dealership for fraudulently selling her a used car as new. After discovery revealed that Chrysler Credit Corporation had financed a sale of the same car to another buyer, Chrysler Credit was added as an additional defendant. Brown obtained a default judgment against Chrysler Credit for $511,397 in unspecified damages. This court reversed the judgment because it revealed on its face that the trier of fact failed either to make a special finding that punitive damages were awardable or to set a specific amount in accordance with the mandate of OCGA § 51-12-5.1 (d) (2).[2]

In *Hill v. Johnson*,[3] the complaint alleged that Hill defrauded Johnson by obtaining money from Johnson to perform certain ser-

---

[1] 198 Ga. App. 653 (402 SE2d 753) (1991).

[2] Id. at 656 (3); see *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (2) (556 SE2d 468) (2001) (applying *Chrysler Credit Corp. v. Brown*, supra); *Drug Emporium v. Peaks*, 227 Ga. App. 121, 124 (2) (488 SE2d 500) (1997) (same).

[3] 210 Ga. App. 824 (437 SE2d 801) (1993).

vices that were not rendered and then failing to refund the money, despite promising to do so on numerous occasions. The complaint requested an award of $25,000 in punitive damages. Hill defaulted. After a hearing on damages, a default judgment was entered awarding Johnson punitive damages in the amount requested. This court affirmed, holding that the trial court's failure to comply exactly with the requirements of OCGA § 51-12-5.1 was harmless, if error, because the allegations of the complaint authorized an award of punitive damages and, under OCGA § 9-11-55 (a), these allegations were to be taken as true by reason of the defendant's default.[4]

We find this case more akin to *Hill* than to *Chrysler Credit*, because the allegations of the complaint in this case also authorized an award of punitive damages. And the default judgment awarded such damages in a specified amount.

2. Wise also contends that the trial court erred in failing to hold a hearing on the amount of damages.

> If (a) case is still in default after the expiration of the period of 15 days [from the date of the initial default], the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence . . . unless the action . . . involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages.[5]

Unquestionably, the plaintiff's damages were unliquidated here. And from the record it is unclear whether she introduced evidence as to the amount of damages at a hearing before default judgment was entered. Under the circumstances, we find it necessary to vacate the judgment and remand the case to the trial court for determination of whether such a hearing was conducted. If the trial court answers this question in the affirmative, it may reinstate the judgment. Otherwise, the judgment stands reversed.

*Judgment vacated and case remanded for further proceedings. Blackburn, P. J., and Ellington, J., concur.*

---

[4] Id. at 825; see *Wal-Mart Stores v. Forkner*, 221 Ga. App. 209, 210 (1) (471 SE2d 30) (1996) (applying *Hill*).

[5] *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646-647 (1) (a) (516 SE2d 340) (1999), citing OCGA § 9-11-55 (a).

DECIDED FEBRUARY 24, 2003.

*Mitchell & Associates, Bruce E. Mitchell, Brendan L. Henry*, for appellant.

Dorothy Rieser-Roth, *pro se*.