A97A0842. KEITH et al. v. ALEXANDER UNDERWRITERS GENERAL AGENCY, INC. et al.
(487 SE2d 673)

SMITH, Judge.

The owner of Greenville Insurance Agency, L. L. Keith, and its managing agent, J. D. Latzak, (collectively "Greenville") brought suit against International Indemnity Company, an insurance carrier licensed in Georgia; Alexander Underwriters General Agency, Inc., the general agent performing underwriting, claims handling, and premium collection for International Indemnity ("Alexander"); and Alexander Underwriters, Inc., a premium financing company. Greenville alleged numerous theories for recovery of damages based upon its relationship with the defendants, including breach of contract, breach of trust, tortious interference with contractual relations, and

---

[1] We note that the appellant in *Spray v. State* was represented by the same counsel who represents appellee here.

tortious interference with business relationships. Defendants moved for summary judgment on all counts, which was granted by the trial court, and Greenville appeals. Because we agree with the trial court that no genuine issues of material fact remain for jury resolution and that defendants were entitled to judgment as a matter of law, we affirm.

The record shows that Alexander solicited Greenville's business, that Greenville agreed to write its clients' automobile policies through Alexander and International Indemnity, and that it did so. In turn, Alexander promised to handle the business of Greenville's clients in a prompt, professional manner and pay commissions to Greenville. According to Greenville, however, Alexander thereafter mishandled its clients' accounts and Greenville informed Alexander that it would no longer write any new business with Alexander.

Alexander then demanded more than $8,000 from Greenville on a commercial account for premiums due. When Greenville refused to pay the balance claimed by Alexander, Alexander filed suit against Keith in Meriwether County to collect this amount. A default judgment was entered in that case, which was reversed on appeal. *Keith v. Alexander Underwriters &c.*, 219 Ga. App. 36 (463 SE2d 732) (1995). Alexander also canceled policies issued to Greenville clients and applied unearned premiums paid on those policies to the balance allegedly owed by Greenville. Greenville then filed this action in DeKalb County. The Meriwether County action was dismissed without prejudice, and Alexander's claim was consolidated with this case.

1. Greenville contends the trial court erred in granting summary judgment to Alexander on Greenville's claim for breach of contract because the trial court completely misconstrued its contention and incorrectly focused upon the individual insurance policies in ruling that this claim was without merit. Greenville claims the contract breached was not any of the individual policies issued to its customers but the "broker questionnaire" contract entered into by Greenville and Alexander, whereby Greenville agreed to solicit the business and Alexander agreed to issue and service the policies.

The trial court may have misunderstood Greenville's argument, but its ruling is correct for a different reason. Even assuming an actionable contract once existed, that contract was canceled by Greenville's own actions in informing Alexander that it would no longer place insurance with Alexander. Although Greenville may believe that Alexander did not properly perform its obligations under that contract, "[a] suit on contract for damages on account of a breach thereof can not be maintained except by affirmance of its continuing validity. If the claimant's actions are inconsistent with his rights under the contract, he is debarred from any right to sue on the contract." (Citations and punctuation omitted.) *Brooks v. Boykin*, 194

Ga. App. 854, 855 (3) (392 SE2d 46) (1990). A trial court's ruling right for any reason will be affirmed. *Goss v. Total Chipping*, 220 Ga. App. 643, 647 (5) (a) (469 SE2d 855) (1996). The trial court was therefore correct in granting summary judgment to Alexander on this issue.

2. The trial court correctly ruled that Greenville's claim for negligence must fail, because the insurer had a right to cancel contracts of insurance. OCGA § 33-24-45. If a policy was inappropriately canceled or mishandled, a claim against the insurer could be asserted only by the policyholders. See OCGA § 33-24-45 (o) (remedy for *insured* who believes policy wrongfully canceled). On this issue, the trial court found no Georgia case authority but was persuaded by the reasoning of the U. S. Court of Appeals for the Tenth Circuit in *Sterling Colorado Agency v. Sterling Ins. Co.*, 266 F2d 472 (10th Cir. 1959). In *Sterling* the court held that an insurance agent is not a third-party beneficiary of the contract of insurance between the insurer and the policyholder and that an insurer is answerable only to its policyholders even for bad faith in handling policy matters. Id. at 473-474. Our research also reveals no Georgia authority, and we agree with the trial court's reasoning and reliance upon *Sterling*.

Moreover, any claim that could be asserted by Greenville would sound in contract, not tort, because it would arise from Alexander's duties to *Greenville*, which were defined by the alleged contract between them. The trial court did not err in granting summary judgment to Alexander on Greenville's negligence claim.

3. The trial court ruled against Greenville on its claims for tortious interference with contractual relations and tortious interference with business relations. It is well established that one cannot "interfere" with contracts or business relations to which one is a party. *Cohen v. William Goldberg & Co.*, 202 Ga. App. 172, 178 (413 SE2d 759) (1991), aff'd in part, 262 Ga. 606 (423 SE2d 231) (1992) (contractual relations); *Renden, Inc. v. Liberty Real Estate, L.P. III*, 213 Ga. App. 333, 335-336 (2) (b) (444 SE2d 814) (1994) (business relations). The contracts between Alexander and the insureds solicited by Greenville therefore could not serve as a basis for Greenville's claims because it was a party to those contracts.

Greenville alleges on appeal that the contracts addressed by this contention were those between *Greenville* and its customers. In asserting that the trial court erred in granting summary judgment against it on this contention, Greenville relies upon this Court's holding in *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269 (329 SE2d 900) (1985), a case involving similar parties and contentions. Greenville maintains that the fact that its longstanding relationships with its customers were damaged by Alexander's actions entitles it to recover under this theory and the holding in *Boykin*.

To recover under a theory of tortious interference with business

relations, the plaintiff must demonstrate financial injury and must show that the defendant: acted improperly and without privilege; acted purposely and with malice with the intent to injure; and induced a third party or parties not to enter into or continue a business relationship with the plaintiff. *Rodgers v. First Union Nat. Bank &c.*, 220 Ga. App. 821, 823 (1) (c) (470 SE2d 246) (1996). "The essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other." (Citations and punctuation omitted.) *Jones v. Padgett*, 186 Ga. App. 362, 364 (3) (367 SE2d 88) (1988).

In *Preferred Risk Ins. Co. v. Boykin*, supra, we found a longstanding relationship between Boykin, an independent insurance agent, and his customers, insured policyholders of Preferred Risk, and we found that this relationship was damaged by the insurer's actions, causing financial damage to Boykin. But in *Boykin*, those actions were entirely different. The evidence in that case showed that the agency agreement between the insurer and the agent provided that in the event of termination, the insurer would give first consideration to a successor agent nominated by Boykin, who would then have the right to negotiate with the nominated successor agent to receive compensation for the value of the nomination and the good will of the agency. Id. at 271 (2). Preferred Risk notified Boykin that it was terminating their agency agreement but that instead of offering Boykin the opportunity to nominate a successor, it was electing to compete independently for the policyholders' business. Id. Evidence was presented that before terminating its agreement with Boykin, an employee of the insurer informed another person that Boykin's agency would be terminated and that his block of business would be transferred to the other person. Id. at 272. After terminating Boykin, Preferred Risk contacted the policyholders and informed them there had been a change of agent and gave them the new agent's name and address. This Court held that this evidence supported the trial court's allowing Boykin's claim for tortious interference with contractual and business relations to go to the jury, which found in favor of Boykin. Id. at 272-273 (2).

In this case, the essential element of intent to cause the resulting financial damage is absent. The insurer neither terminated the agency contract nor solicited Greenville's customers. *Greenville* terminated its relationship with Alexander. Alexander's handling of Greenville's customers' accounts may well have had the *effect* of inducing Greenville's customers to look elsewhere for their insurance needs. But the record contains no evidence showing that this was Alexander's intent.

Because Greenville failed to show all the required elements of its

claim, summary judgment was proper. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 16, 1997.

Before Judge Wheeler.

*Klein & Wright, Edward W. Klein III*, for appellants.

*Karl J. Howe & Associates, Richard M. Howe, Michael L. Wetzel*, for appellees.