785 So.2d 1232 (2001)
INSURANCE CONCEPTS AND DESIGN, INC., Appellant,
v.
HEALTHPLAN SERVICES, INC., Appellee.
No. 4D00-3669.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
*1233 Duncan J. Farmer and Marina F. Parrish of Ricci, Hubbard, Leopold, Frankel, Farmer & McAfee, P.A., West Palm Beach, for appellant.
W. Donald Cox and Maya M. Wolfe of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee.
PER CURIAM.
The issue presented in this appeal is whether a cause of action can be maintained for a breach of an implied covenant of good faith and fair dealing absent the allegation that the breaching party failed to perform an express provision of the contract. The trial court dismissed the complaint. We adopt the well-reasoned opinion of the trial court as our own, and reproduce it herein:

I. History of the Case

Plaintiff filed its original complaint on September 20, 1999. This complaint alleged a claim for breach of a duty of good faith and fair dealing against HealthPlan Services, Inc. ("HPS"). HPS filed a motion to dismiss the complaint. A hearing was held on December 3, 1999 on the motion to dismiss and this court entered an order on December 8, 1999 granting HPS's motion to dismiss with leave to amend.
Plaintiff served its first amended complaint on December 23, 1999. This amended complaint also alleged a breach of the duty of good faith and fair dealing against HPS. HPS filed a motion to dismiss the complaint asserting that the amended complaint still failed to state a cause of action and was not substantially different from the original complaint. A hearing was held on March 24, 2000 on the motion to dismiss and this court entered an order on April 5, 2000 granting HPS's motion to dismiss with leave to amend. On April 24, 2000 Plaintiff served its second amended complaint which contained one count for breach of contact [sic] and one count for breach of the duty of good faith and fair dealing. HPS again moved to dismiss and also moved for summary judgment on the breach of contract count. The issues were briefed by both parties and oral argument conducted on August 4, 2000.

II. Undisputed Allegations

For purposes of a motion to dismiss, the Court must accept any well-pled facts of the plaintiffs complaint as true. Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1024 (Fla. 4th DCA 1996). According to the allegations of the second amended complaint, HPS is in the business of providing health benefit services for healthcare payers and providers. In order to obtain such business, HPS contracts with Master Brokers who in turn recruit agents to sell HPS's services. If the agents are successful, HPS pays the agents a commission based on the volume of business. The Master Broker receives an "override" commission on that business.
Plaintiff Insurance Concepts and Design, Inc. ("ICD") entered into a Master Broker's Contract (the "Contract") with HPS. ICD recruited and trained insurance agents to solicit insurance customers for *1234 HPS. The Contract and the schedules, attached to the second amended complaint as Exhibit A, set forth the override fees to which ICD is entitled for the business written by its assigned agents. The Contract contains the following provisions which provide that no override fees are due unless the premium is received by HPS:
You [ICD] will be paid based on the amounts of premiums received in cash by Us [HPS] on policies issued from applications submitted by You and Your assigned Agents. Service fees will be paid on a "when received by Us" basis. Service Fees will be payable only on insurance maintained in force by payment of cash premiums, and no Service Fee is payable on premiums waived or commuted by reason of death, disability, or the exercise of policy options.
Should We, for any reason, refund a premium on any policy ... You agree to repay upon demand any service fees received on such premiums or policies.
Contract, Section II. Compensation and Section I. Authority and Responsibility. At the hearing on the motion to dismiss, counsel for ICD stipulated that ICD is not owed any commission for premiums actually paid to HPS.
ICD alleges that HPS breached the Contract by:
(a) failing to pay all legitimate claims made by insureds; (b) failing to pay legitimate claims in a timely manner; (c) failing to render accurate billings; (d) failing to make timely and accurate commission payment[s] to agents; and (e) failing to comply with applicable Florida law with respect to its obligations as a third party administrator.
Second Amended Complaint, ¶ 10. Essentially, ICD contends that HPS had an obligation to ensure that insureds did not cancel or fail to renew their insurance and that it breached that obligation by not properly servicing its customers, thus losing business for itself and commissions for ICD. ICD asserts claims for breach of an implied duty of good faith and fair dealing and breach of contract. Since counsel for ICD has stipulated that there is no claim for commissions on premiums actually collected and there are no allegations pointing to a specific term of the contract that was breached, the issue remaining for the court is whether a breach of the duty of good faith and fair dealing is alleged.

III. Applicable Law.

Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir.1999)[, cert. denied, 528 U.S. 948, 120 S.Ct. 370, 145 L.Ed.2d 287 (1999)]; Barnes v. Burger King Corp., 932 F.Supp. 1420, 1438 (S.D.Fla.1996); County of Brevard v. Miorelli Eng'g, Inc., 703 So.2d 1049, 1050 (Fla.1997); Fernandez v. Vazquez, 397 So.2d 1171, 1174 (Fla. 3d DCA 1981). This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." Barnes, 932 F.Supp. at 1438.
However, there are two restrictions on causes of action for the breach of good faith and fair dealing. First, the implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties. Weaver, 169 F.3d at 1317-18; Barnes, 932 F.Supp. at 1438; City of Riviera Beach v. John's Towing, 691 So.2d 519, 521 (Fla. 4th DCA 1997). Second, a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached. Weaver, 169 F.3d at 1317-18; Nautica Int'l, Inc. v. Intermarine *1235 USA, L.P., 5 F.Supp.2d 1333, 1340 (S.D.Fla.1998)(finding as a matter of law that plaintiff stated claim because it alleged an express breach of contract); Anthony Distrib., Inc. v. Miller Brewing Co., 941 F.Supp. 1567, 1574 (M.D.Fla.1996); Barnes, 932 F.Supp. at 1438-39; [Burger King Corp. v.] Holder, 844 F.Supp. [1528, 1530 (S.D.Fla.1993) ]. A duty of good faith must
relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements.
Hospital Corp. of America v. Florida Med. Ctr., Inc., 710 So.2d 573, 575 (Fla. 4th DCA 1998)(emphasis added). The duty of good faith does not attach until the Plaintiff can establish a term of the contract that HPS was obligated to perform. Id.; see also Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1314 (11th Cir.1998)("[G]ood faith requirement does not exist `in the air'. Rather, it attaches only to the performance of a specific contractual obligation."). Allowing a claim for breach of the implied covenant of good faith and fair dealing "where no enforceable executory contractual obligation" remains would add an obligation to the contract that was not negotiated by the parties. Hospital Corp., 710 So.2d at 575.
Florida courts have not addressed whether an agent may recover for lost commissions as a result of an insurer acting in bad faith to its customers. Courts in other jurisdictions that have addressed this issue have determined that an agent may not recover for damages in such a situation. See Sterling Colorado Agency, Inc. v. Sterling Insurance Co., 266 F.2d 472, 474 (10th Cir.1959)(holding an agent is not a third party beneficiary under the insurance policy and the implied promise of good faith dealing on the agent's contract does not preclude the insurer from contracting with third parties according to its judgment of business interests; even if it acted in bad faith in regard to its policyholders, the company is answerable only to the policyholders); accord Keith v. Alexander Underwriters Gen. Agency, Inc., 226 Ga.App. 838, 487 S.E.2d 673, 675 (1997)("If a policy was inappropriately canceled or mishandled, a claim against the insurer could be asserted only by the policyholders[.]"); see also Iglesias v. Mutual Life Ins. Co. of New York, 156 F.3d 237, 240 (1st Cir.1998)(Provision in agent's contract authorizing him to "solicit applications for insurance in MONY of the types of insurance which MONY is issuing" did not limit the company's ability to withdraw products from the agent's market; to find otherwise "would flip the employment relationship between MONY and its agents on its head[.]"); Fidelity Ins. Agencies v. Citizens Cas. Co. of New York, 194 F.2d 43, 47-48 (7th Cir.1952)(Insurance company's agreement to appoint agent to solicit business in a prescribed territory for five years was not of itself an agreement by the company to continue to do business within that territory for the entire term of the contract); Winnick v. Alvin and Co., Inc., No. 3:95CV0415, 1998 WL 698498, *7 (D.Conn. Mar.16, 1998)("A disappointment in earnings expectations is not a sufficient ground for finding a lack of good faith or unfair dealing[.]").
The Plaintiff points to Cox v. CSX Intermodal, Inc., 732 So.2d 1092 (Fla. 1st DCA 1999)[,] for support of its position. This case is inapposite. In Cox, CSX had exclusive rights to the plaintiffs' trucking services. It also had contracts with other trucking companies. Under the terms of the agreement, CSX was not required to furnish any specific amount of freight or number of loads for transport at any particular *1236 time or to any particular place. The plaintiffs sued alleging that CSX's employee was exercising its discretion in allocating the loads to the various companies, in an arbitrary, fanciful and unreasonable manner. Although the appellate court found no breach of the express terms of the contract, it determined that issues of fact existed as to whether the manner in which CSX exercised its discretion violated the implied duty of good faith. Id. at 1098.
Unlike the case at bar, in Cox there was an express provision in the contract, the allocation of loads between Cox and other carriers, that was allegedly not performed in good faith. The plaintiff here can point to no such provision in the contract.

IV. Conclusions.

Under the Contract, HPS is obligated to the Master Broker to pay an override commission based on successful sales of its assigned agents. The Contract does not obligate HPS to provide any particular level of service to the customers. There is no provision in the Contract that obligates HPS to continue to pay commissions to either the agents or the Master Broker if a customer cancels its agreement with HPS for any reason and HPS is no longer receiving income from the account. In fact, the Contract expressly provides that commissions will be payable only on insurance maintained in force by payment of cash premiums.
The Plaintiff's second amended complaint like the two prior complaints still fails to identify any specific provision of the Contract that was breached. The Plaintiff has continually asserted as a basis for its claim the breach of "implicit" terms of the contract. However, these "implicit" provisions have no basis in law or in fact and cannot support a cause of action for breach of contract or breach of the implied duty of good faith and fair dealing.
While the granting of motions to dismiss with prejudice is generally not favored, it is proper if the pleading cannot be amended to state a cause of action. Gamma Dev. Corp. v. Steinberg, 621 So.2d 718, 719 (Fla. 4th DCA 1993). After three attempts, the Plaintiff has demonstrated that it cannot amend its pleading to state a cause of action.
The decision of the trial court is affirmed.
WARNER, C.J., STEVENSON and HAZOURI, JJ., concur.