SWANSON, J.
Appellant seeks review of the trial court’s entry of summary final judgment for appellee on appellant’s claim that ap-pellee breached the implied covenant of good faith and fair dealing applicable to the parties’ agent contract. Specifically, appellant asserts there were disputed issues of material fact as to whether appel-lee breached the implied covenant of good faith and fair dealing when it denied appellant any commissions related to the Philadelphia Federal Credit Union (PFCU) account on the ground that she was not the “efficient procuring cause” of any policies from PFCU employees or members. We disagree and affirm.
Paragraph 8(a) of the parties’ agent contract clearly provided that appellant “will be paid commissions and service fees on premiums paid in cash to [appellee] on insurance policies (including annuity contracts) issued pursuant to applications procured by [appellant].” (Emphasis added). Paragraph 3(f) further provided that appellant “shall not be entitled to commissions on any policy unless [appellee] determines that [appellant] was the efficient procuring cause of the policy.” (Emphasis added). The record is devoid of any evidence that appellant procured any policies from PFCU employees or members. Because there was no express contractual provision allowing commissions for procuring an account and the covenant of good faith could not be used to vary the terms of a contract, the trial court correctly concluded as a matter of law that appellee properly denied appellant commissions related to the PFCU account under the unambiguous language of paragraphs 3(a) and 3(f). See Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc., 785 So.2d 1232 (Fla. 4th DCA 2001).
Appellant further argues that even if she was not the efficient procuring cause of a PFCU policy, appellee cannot avoid the covenant of good faith and fair dealing because “there is an issue of fact, that, but for [appellee]’s interference, [appellant] would have been the efficient procuring cause of the PFCU policies.” However, the evidence in the record is uncontradict-ed that appellant was denied the opportunity to earn commissions by procuring PFCU policies because Mark Craven, the president of PFCU Insurance Services, did not want appellant to serve as the enrollment specialist. Although appellant points out some disagreement as to Craven’s expressed reasons for not choosing appellant, this issue of fact is not mateñal to the resolution of this case where Craven, without contradiction, denied that anyone associated with appellee was responsible for his decision. Because appellee established as a matter of law that it reasonably exercised its discretion under the contract in determining that appellant was not the efficient procuring cause of any PFCU policy, the trial court properly entered summary final judgment for appellee.
AFFIRMED.
ROWE and MARSTILLER, JJ., concur.