DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HILTON WIENER,** as beneficiary of **LAND TRUST 2928-55,**
Appellant,

v.

**GOLEX PROPERTIES, LLC,** and **ADRIAN RODRIGUEZ,**
Appellees.

No. 4D21-998

[December 1, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 502020CC-010872XXXXSB.

Hilton Wiener, Boca Raton, pro se.

Kenyetta N. Alexander and Mark R. Osherow of Osherow, PLLC, Boca Raton, for appellees.

KUNTZ, J.

Hilton Wiener, as beneficiary of a land trust, filed a complaint against Golex Properties, LLC, and Adrian Rodriguez for breach of a purchase and sale agreement. The county court dismissed Wiener's complaint with prejudice. The court also denied Wiener's motion to disqualify counsel for Golex and Rodriguez. Wiener appeals both orders.

We affirm the order denying the motion to disqualify counsel without discussion. Our affirmance on that issue is without prejudice to the county court's right to reconsider the order if it becomes apparent that counsel is a necessary witness.

But we reverse the court's order dismissing the complaint with prejudice. The county court dismissed Rodriguez as a party after concluding that he executed the purchase and sale agreement as Golex's agent and was therefore not a party to the agreement. The court dismissed Golex based on its conclusion that it could not "ignore a previously agreed upon liquidated damages provision because it is later not advantageous."

Wiener argues that the court erred when it denied his request to amend the complaint. Generally, he states that he could amend the complaint and seek to nullify the liquidated damages provision and pierce the corporate veil.

We agree. Leave of court to amend a pleading "shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a); *see also Ins. Concepts and Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1236 (Fla. 4th DCA 2001) (citation omitted) ("While the granting of motions to dismiss with prejudice is generally not favored, it is proper if the pleading cannot be amended to state a cause of action.").

We reverse the order dismissing the complaint with prejudice. On remand, the court must dismiss the complaint without prejudice and allow Wiener the opportunity to file an amended complaint.

*Affirmed in part, reversed in part, and remanded.*

GROSS and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**