## 71256. STRAUSS FUCHS ORGANIZATION, INC. et al. v. LaFITTE INVESTMENTS, LTD.
### (341 SE2d 873)

POPE, Judge.

This action was initiated by appellee LaFitte Investments, Ltd. (LaFitte) against three defendants: appellant Strauss Fuchs Organization (SFO), Johnson & Shultz, Agents-Brokers, Inc. and Speir Insurance Agency. The complaint alleged that LaFitte entered into an insurance binder contract with Johnson & Shultz naming SFO as the company providing insurance against fire and other damage; that LaFitte made all payments and performed all acts required of it by the contract, which was attached to the complaint; that the insured property was damaged by fire on April 21, 1975, causing described losses covered under the contract of which Johnson & Shultz was duly notified, but after demand no payments had been made; and that LaFitte was entitled to the named amounts due plus interest thereon. Johnson & Shultz answered, denying liability, and cross-claimed

against SFO claiming that if it were found liable to LaFitte, SFO would be liable to it. SFO also answered, denying liability, and cross-claimed against Johnson & Shultz stating that if it were found liable to LaFitte, Johnson & Shultz would be liable to it. LaFitte amended its complaint to allege that Johnson & Shultz was acting as the duly authorized agent of SFO in the preparation and issuance of the insurance contract in question. In discovery SFO denied that the alleged agency relationship existed or that it received the binder or any payments from Johnson & Shultz. Speir Insurance Agency was dismissed from the case on its motion for summary judgment by order of December 16, 1977.

On June 1, 1979 Hilton Johnson, who is the president and sole stockholder of Johnson & Shultz, filed a petition for bankruptcy in federal district court in which SFO and LaFitte were scheduled as creditors and the instant lawsuit was listed as a current pending claim against the bankrupt. No complaint for relief from an automatic stay nor for a determination of dischargeability was filed by SFO with the bankruptcy court. On June 14, 1979 a plea for a stay on account of bankruptcy in the style of this case was filed in state court on behalf of "Defendant Hilton Johnson" by his bankruptcy attorney. After copies were served on counsel for both SFO and LaFitte and no objections were filed, the case was placed on the inactive docket of the state court under the local rules then in effect.

On February 6, 1985, pursuant to LaFitte's request to remove the case from the inactive docket following Johnson's discharge in bankruptcy on August 31, 1981, the case was placed on the active docket by order and SFO's objection that the case had been automatically dismissed for want of prosecution under OCGA § 9-2-60(b) was overruled. SFO then filed a motion to dismiss on March 6, 1985, based upon the same rule, which the court, after receiving briefs and evidence and hearing oral argument, likewise denied on May 16, 1985. In this order the state court found as matters of fact that the state court case was listed as a pending claim in the bankruptcy court on June 1, 1979; that a copy of the federal stay order was attached to the plea filed in the state court on June 14, 1979; that SFO had notice of the plea and the bankruptcy filing; and that the local state court rules in effect when the plea and stay were filed provided that the filing of the federal stay acted as a stay of the state court proceeding. The court further found that 17 months and 28 days had expired between the December 16, 1977 order dismissing Speir Insurance and the filing of the plea and stay, leaving 42 months and 2 days remaining of the five-year statutory period; and that since Johnson had been discharged in bankruptcy on August 31, 1981 and the state court order removing the case from the inactive docket had been issued February 6, 1985 (39 months and 7 days later), it was entered within the period re-

maining of the five years. None of these findings of fact has been effectively contested or disputed by SFO.

The court concluded as a matter of law that the state court case was thus not automatically dismissed by OCGA § 9-2-60 (b), as it was tolled both by the automatic stay which arose under the federal Bankruptcy Act on June 1, 1979 when Johnson filed his petition in bankruptcy and by the stay that went into effect under the local state court rules on June 14, 1979 when the plea for stay and copy of the federal stay order was filed, until Johnson received his discharge on August 31, 1981; that no further order of the state court was needed to effectuate the stay or toll the period; and that the February 6, 1985 state court order was signed and filed prior to the expiration of the five-year period because of the tolling effect of the two stays. SFO sought an interlocutory appeal, which was granted, urging that the order was erroneous because the bankruptcy was filed by a non-party to the litigation and thus could not act as a stay of the pending case; and that in any event such a stay would operate only as to the bankrupt debtor, not to its co-defendants.

1. This court recently addressed the application of the five-year rule to an action which had been removed to federal court and subsequently remanded, and adhered to the principle first enunicated in *Allen v. Hatchett*, 91 Ga. App. 571 (1) (86 SE2d 662) (1955): " 'When an action in a State court is removed to a Federal district court, the jurisdiction of the State court is suspended until the case is remanded to the State court, at which time the case resumes the status it occupied at the time of the removal.' While *Allen* dealt with the question of default by failure to timely file defensive pleadings, we see no reason why its underlying premise should not apply in the instant case. [Cits.]" *Southern Bell Tel. &c. Co. v. Perry*, 168 Ga. App. 387, 388 (308 SE2d 848) (1983). We think that premise is equally appropriate here. Moreover, "[w]hether the [trial court] was right must be decided by the Bankruptcy Act since it is superior to all state laws upon the subject. [Cit.]" *Moore v. Bay*, 284 U. S. 4, 5 (52 SC 3, 76 LE 133) (1931).

The present bankruptcy code, following policies that were recognized under the former act,[1] "demands the cessation of activities which would interfere with the jurisdiction of the bankruptcy court or which would frustrate the debtor-protection and creditor-protection

---

[1] The bankruptcy law was rewritten and replaced by the Bankruptcy Code of 1978, but the provisions governing this case did not become effective until October 1, 1979. See Pub. L. No. 95-598, § 402(a); 92 Stat. 2682. A case commenced under the former act and all proceedings related to it are to be determined pursuant to the law preceding the 1978 Act; Pub. L. No. 95-598, § 403 (a); 92 Stat. 2683. Accordingly, the law which was in effect on June 1, 1979 applies to this dispute, although it appears that the result would be the same under the present Code sections, and thus citations will be to the former provisions.

provisions of the Code. When it is recalled that it is the bankruptcy court that has exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of the case, and given the supremacy of the federal bankruptcy statutes over inconsistent state laws, it can be seen that federal and state nonbankruptcy proceedings, as well as extrajudicial activities, affecting property of the estate must be at least temporarily suspended." 9 AmJur2d 723-24, Bankruptcy, § 454. Thus, the trial court correctly concluded that the proceedings in this case were "suspended" during the period of time that the bankruptcy proceedings were on-going and the stay was in effect.

2. Nor do we agree with SFO that because the bankruptcy was filed by Johnson individually, rather than by the corporate defendant Johnson & Shultz, the stay was ineffective. Johnson is the president and sole stockholder of the corporation, and application for the stay was properly made pursuant to 11 USC § 29 specifically listing the instant suit as a debt to be discharged, with LaFitte and SFO scheduled as creditors whose claims would be released by a discharge. Compare *North Peachtree I-285 Properties v. Hicks*, 136 Ga. App. 426 (5) (221 SE2d 607) (1975); *Tingle v. Atlanta Fed. Savings &c. Assn.*, 93 Ga. App. 393 (1) (91 SE2d 804) (1956). If SFO as a listed creditor objected to the stay as granted it was incumbent upon it to file a complaint for relief from the stay or seek a determination of the dischargeability of the debt under § 35 (c) (2) of the former act. See *In the Matter of Love*, 577 F2d 344 (5th Cir. 1978). Otherwise, under 11 USC § 29 (a) "[a] suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition. . . ." See also *Tyler v. Jones County Bank*, 78 Ga. App. 741 (52 SE2d 547) (1949).

SFO likewise failed to timely raise this issue in state court. For example, under OCGA § 9-11-17 (a) " '[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed *after objection* for . . . joinder or substitution of the real party in interest.' [Cit.] In situations such as this, CPA § 17 (a) must be read in pari materia with CPA § 21 [OCGA § 9-11-21] which allows for the adding of a party *'by order of the court on motion of any party* . . . and on such terms as are just.' (Emphasis supplied.) [Cit.]" (Further emphasis also supplied.) *Unicover, Inc. v. East India Trading Co.*, 154 Ga. App. 161, 162 (267 SE2d 786) (1980). "Additionally, a mere misnomer of a party in the pleadings is a defect which may be waived where the misnamed party is *in* fact the legally cognizable proper party in interest." *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (303 SE2d 742) (1983). Since this action has at all times been defended by Johnson as

the personal representative of Johnson & Shultz and because the failure in bankruptcy to name the corporation as the real party in interest was due, at least in part, to SFO's delinquency in raising the issue, we are not persuaded that SFO has been prejudiced. "The Civil Practice Act is to be construed to secure the just, speedy and inexpensive determination of every action." *Unicover,* supra at 163. In our view the trial court correctly ruled that the case was stayed, as the lawsuit involved substantial participation by the named bankrupt, Johnson. Cf. *Krawagna v. H & S Liquor,* 176 Ga. App. 816 (2) (338 SE2d 284) (1985); *Ga. Power Co. v. O'Bryant,* 169 Ga. App. 491 (313 SE2d 709) (1984); *Horne v. Carswell,* 167 Ga. App. 229 (306 SE2d 94) (1983).

3. SFO's contention which was first raised at the appellate level, that in any event the stay was effective only as against Johnson & Shultz, is not only untimely but without merit. Although a stay as to one co-defendant does not always require its application to other co-defendants, it is obvious here, where appellant's liability is derivative of the liability of Johnson & Shultz, that "the allegations against them arose from the same factual and legal basis, and were 'inextricably interwoven.'" *GMAC v. Yates Motor Co.,* 159 Ga. App. 215, 217 (283 SE2d 74) (1981). For these reasons the order appealed from was not in error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 7, 1986 —
REHEARING DENIED FEBRUARY 21, 1986 —

*J. M. Hudgins IV,* for appellants.
*Austin E. Catts, Robin N. Loeb,* for appellee.