A01A0548. SCHAFER et al. v. WACHOVIA BANK OF GEORGIA, N.A.

(546 SE2d 846)

ELDRIDGE, Judge.

This appeal raises the issues of whether a summons of process issued during a bankruptcy stay and served after the dismissal of the petition in bankruptcy by the sheriff was valid and whether the trial court should have granted summary judgment on liquidated damages against the debtors based upon unwithdrawn requests for admission. The defenses in abatement to the summons of process and service of process were waived, because the defendants failed to timely raise such dilatory defenses in abatement. Accordingly, the grant of summary judgment is affirmed as follows.

On December 12, 1996, Christopher C. and Renee S. Schafer were sued by Wachovia Bank of Georgia, N.A. on a written home equity line of credit agreement in the State Court of Fulton County. After the issue of process and attempted service, occasioned by the inability to serve the Schafers in Fulton County, Wachovia moved to transfer venue to Bartow County, and on April 14, 1997, the motion was granted. On June 2, 1997, the Schafers both filed for bankruptcy in the United States District Court for the Northern District of Georgia and listed "Wachovia Bankcard, P. O. Box 15515, Wilmington, DE 19886-5515," the wrong legal entity, and did not list Wachovia Bank of Georgia, N.A., the creditor-party. On July 13, 1997, the transfer of the pending action was completed to the Superior Court of Bartow County, and on July 17, 1997, the clerk of court issued a summons of process for the complaint without knowledge of the automatic stay effectuated by the bankruptcy proceeding. The sheriff failed in several attempts to serve the Schafers, and Wachovia supplied several different addresses during the pendency of the bankruptcy; on July 30, 1997, the Schafers were served with the complaint and request for admissions after the involuntary dismissal of the bankruptcy petition took place on July 28, 1997. Also on July 30, 1997, the dismissal was mailed to the Schafers. On August 1, 1997, the Schafers answered pro se and asserted the pending bankruptcy action as their only defense, without further answering the complaint. But on February 15, 2000, their counsel amended their answer and asserted other defenses, including a denial of the debt, but did not seek to withdraw the admissions made in the request to admit.

On December 27, 1999, Wachovia filed a motion for summary judgment. On March 7, 2000, the trial court granted summary judgment for Wachovia in the amount of $121,146.16. The Schafers appeal.

1. The Schafers contend that the summons of process and the service of process were invalid, because the summons of process was

issued during the period of the bankruptcy stay.

(a) Wachovia was never scheduled as a creditor in the bankruptcy petition so that it never received notice of the stay and bankruptcy. 11 USC § 362 (a) (1).[1] In any event, the reissuance of summons of process by the clerk constituted a ministerial act, which was not stayed. See *Rexnord Holdings v. Bidermann*, 21 F3d 522, 528 (2nd Cir. 1994); *In re Knightsbridge Dev. Co.*, 884 F2d 145, 148 (4th Cir. 1989); *Teachers Ins. &c. Assn. of America v. Butler*, 58 Bankr. 1019, 1022 (S.D. N.Y. 1986). The Superior Court of Bartow County appropriately determined the reach and scope of the automatic stay in bankruptcy as not including the issuance of the summons of process. See *In re Baldwin-United Corp. Litigation*, 765 F2d 343 (2nd Cir. 1985); *In re Sea Span Publications*, 126 Bankr. 622, 625 (M.D. Fla. 1991).

A judgment rendered during the pendency of an automatic stay is void ab initio and is a nullity, because it constitutes the exercise of judicial discretion in violation of the automatic stay. See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997); see also *Colden v. State of Ga.*, 244 Ga. App. 793, 794 (536 SE2d 820) (2000). However, in contrast, the reissuance of a summons of process constitutes a ministerial act of the clerk, which is not a final adjudication on the merits, as is a judgment, and can be attacked as a defense in abatement prior to the time to answer whenever the stay is lifted; thus, the summons of process so issued is voidable if timely raised. See generally *Barnett Bank v. Trust Co. Bank*, 178 Bankr. 570, 578 (S.D. Ga. 1995).

(b) "The issuance of a summons signed by the clerk is a necessary part of acquisition of jurisdiction. Service on the proposed defendant of an amendment to the petition cannot be considered service of the complaint where no summons issues." (Citation omitted.) *Diaz v. First Nat. Bank of Tucker*, 144 Ga. App. 582, 583 (1) (241 SE2d 467) (1978). If the summons of process was voidable, because it was issued during the pendency of the automatic bankruptcy stay, then such plea in abatement had to be asserted in writing by an OCGA § 9-11-12 (b) (4) motion to dismiss raising "insufficiency of process" or by answer within the time to answer or such defense in abatement was waived as a matter of law. See generally OCGA § 9-11-12 (b) (4), (h) (1); *Smith v. Smith*, 248 Ga. 268 (1) (282 SE2d 324) (1981); *White v. Johnson*, 151 Ga. App. 345, 348 (1) (259 SE2d 731) (1979).

---

[1] Failure to set forth a creditor in the bankruptcy petition excludes such creditor from the bankruptcy action as a matter of law. Therefore, it follows that a creditor not listed in the bankruptcy petition and not subject to discharge in bankruptcy is not under the automatic stay, because they are outside the ambit of the bankruptcy petition. See *In re Kristiniak*, 208 Bankr. 132 (E.D. Pa. 1997).

In this case, the Schafers did not raise this defense in abatement timely within 30 days of service and, thus, waived such defense. OCGA § 9-11-12 (h) (1). In the pre-Civil Practice Act procedure, a defective process made service void; however, failure to timely raise such objection to a void summons of process and the resulting service, also, constitutes a waiver by caselaw, while under the CPA such failure to timely raise such plea in abatement constituted a statutory waiver of such defense, which arises within 30 days of service unless the objection is properly raised. See OCGA § 9-11-12 (b) (4), (5), (h) (1); *Gifford v. Jackson*, 107 Ga. App. 44, 45 (129 SE2d 181) (1962). Here, the Schafers failed to properly and timely raise such defense in abatement. The CPA, as a matter of sound judicial economy, mandates that the defendant timely raise such issues of abatement, on the penalty of waiver, to avoid a waste of judicial time in the initial case's dismissal with a subsequent refiling of the case upon involuntary dismissal on such grounds; if the trial court in this case had granted the dismissal, then Wachovia would have had the right to pay costs and refile the action. Not until the hearing on the motion for summary judgment in the winter of 2000, over 30 months late, did the defendants for the first time raise these dilatory motions, which illustrates why the CPA mandates timely assertion of such defenses in abatement to avoid such delay.

(c) The sheriff made a lawful and valid service of process against each Schafer individually after the bankruptcy petition was involuntarily dismissed and the automatic stay was terminated. There was nothing to prohibit the sheriff from making a valid service of process once the stay was lifted or ceased through the dismissal of the bankruptcy petition. In this case, the Schafers failed to timely raise the defense in abatement of "insufficiency of service of process" and, thus, waived such defense. OCGA § 9-11-12 (b) (5), (h) (1). The signed entry of service by the sheriff was prima facie evidence of service which the Schafers failed to rebut. See *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 667-668 (1) (476 SE2d 43) (1996).

2. The Schafers contend that there exist material issues of fact that prevent the trial court from entering summary judgment against them, because Christopher Schafer filed his affidavit alleging that a lesser amount was due and that he had not received credit for a payment. However, the request for admissions dated December 12, 1996, stated: "[d]efendants are currently indebted to Wachovia for a principal amount of Eighty-Three Thousand Three Hundred Fifty-Nine and 06/100 ($83,359.06) Dollars, plus interest and attorney's fees," and such admission went unanswered.

The Schafers never answered these requests for admissions or objected to the requests for admissions, and the requests for admissions stand admitted by operation of law. *Thompson v. Berman*, 147

Ga. App. 740 (1) (250 SE2d 190) (1978); *Hammett v. Bailey*, 147 Ga. App. 105, 106 (248 SE2d 180) (1978). That the requests for admissions stand admitted and unwithdrawn, the Schafers are prevented from contesting what they have admitted. See *Britt v. West Coast Cycle*, 198 Ga. App. 525, 526-527 (1) (402 SE2d 121) (1991); *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (2) (353 SE2d 847) (1987); *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 697-698 (1) (337 SE2d 451) (1985). An admission in a request for admission is not a pleading, but is evidence that must be admitted before the trier of fact, unlike an admission in judicio made in pleadings; however, such admission cannot be contravened and is conclusive, absent the trial court's grant of permission to withdraw the admission. *Brooks v. Roley & Roley Engineers*, 144 Ga. App. 101 (240 SE2d 596) (1977); *Ross & Ross Auctioneers v. Testa*, 96 Ga. App. 821, 825 (2) (101 SE2d 767) (1958); cf. OCGA § 24-3-30.

An amended answer to the complaint withdraws any admission in judicio made previously in the answer; however, such amendment to the answer does not constitute a withdrawal of a request for admissions governed by different specific statutory procedure and scheme for withdrawal of an admission. See OCGA § 9-11-36 (b); *U. B. Vehicle Leasing v. Vision Intl.*, 224 Ga. App. 611 (1) (481 SE2d 597) (1997) (withdrawal of request for admissions); cf. OCGA §§ 9-11-15; 24-3-30; *Wahnschaff v. Erdman*, 232 Ga. App. 77 (502 SE2d 246) (1998) (withdrawal of admission in answer by simple amendment under OCGA § 9-11-15); *Scott v. Jefferson*, 174 Ga. App. 651, 652 (1) (331 SE2d 1) (1985) (admission made in pleadings). Therefore, any amendment to the Schafers' answer failed to change the legal effect of their failure to answer the requests for admissions, unwithdrawn, and there exists no dispute as to material facts for jury determination. Thus, the grant of summary judgment should be affirmed. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 6, 2001.

*Freed & Bermen, Robert H. McKnight, Jr.*, for appellants.

*McLain & Merritt, M. David Merritt, Thomas J. Melanson*, for appellee.