A04A0608. OGUNDELE v. CAMELOT CLUB CONDOMINIUM ASSOCIATION et al.
(602 SE2d 138)

PHIPPS, Judge.

In this second appearance of this case before this court, Kunle Ogundele contests the dismissal of his case. Because the trial court correctly determined that the case had been automatically dismissed pursuant to OCGA § 9-2-60, we affirm.

Ogundele, pro se, sued Camelot Club Condominium Association and its employee, Regina Bradley, to recover damages for the wrongful towing away of his automobile. After a trial, judgment was entered upon the jury's verdict in favor of the defendants. In the first appearance of this case before this court, we determined in an

---

[6] OCGA § 16-3-40.
[7] See generally *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000).

unpublished opinion[1] dated February 7, 1997, that the trial court erred in not directing a verdict in Ogundele's favor against Bradley and in not then submitting Ogundele's claim for damages against Bradley to the jury. We rejected Ogundele's assertion that no trial on damages was necessary, concluding that his alleged damages were unliquidated. Therefore, the case was remanded "for proper trial on the question of damages." The record shows that the remittitur was filed in the trial court in April 1997.

On April 2, 2003, Bradley moved to dismiss Ogundele's case, citing OCGA § 9-2-60 (b), which provides, "Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." Finding that no written order had been entered during a period in excess of five years, the court ruled that the case had been automatically dismissed.

1. Citing *Jefferson v. Ross*[2] and *Faircloth v. Cox Broadcasting Corp.*,[3] Ogundele contends that his case was not subject to automatic dismissal pursuant to OCGA § 9-2-60 (b) ("five year rule"). In those cases, although five years had lapsed during which no order was entered, it was determined that the cases were not affected by that Code section.

In *Jefferson*, "[t]he litigation . . . [had] been resolved by jury trial and verdict, and all that remain[ed] [was] the entry of judgment reflecting what ha[d] already been accomplished."[4] The court reiterated that the five year rule has "at least the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel."[5] Determining that the purposes behind the five year rule requiring dismissal for want of prosecution no longer existed once the case had proceeded to that point,[6] *Jefferson* held that the inherent power of the trial court to enter judgment on a jury verdict was not extinguished by the passage of five years.[7]

In *Faircloth*, there had been a default on an action for liquidated damages, and the time during which the default might have been opened as a matter of right had expired. This court determined that

---

[1] *Ogundele v. Camelot Club Condos.*, 224 Ga. App. XXIX (1997).
[2] 250 Ga. 817 (301 SE2d 268) (1983).
[3] 169 Ga. App. 914 (315 SE2d 434) (1984).
[4] *Jefferson*, supra at 819.
[5] (Citation and punctuation omitted.) Id.
[6] Id.
[7] Id.

the case "stood in the same posture as if a jury verdict for the plaintiff had been returned; for all that remained for the plaintiff to do was to have judgment entered in its favor."[8] Concluding that the case was controlled by *Jefferson*, the court declined to apply the five year rule.[9]

But this case is distinguishable from *Jefferson* and *Faircloth*. In those cases, the litigation had been resolved and the only task remaining for the plaintiff was to have judgment entered. Here, only the issue of liability had been resolved. As we directed in our first opinion in this case, because the damages were unliquidated, the task of establishing damages remained pending for Ogundele.[10] Therefore, *Jefferson* and *Faircloth* do not preclude automatic dismissal pursuant to the five year rule.

2. Ogundele argues that his case should not have been dismissed, asserting that he had not been dilatory. He points out that in 2000, he filed a motion for a leave of absence through January 5, 2001, and that later, he secured the date of April 2, 2003, for a hearing on damages. He asserts that no order was entered on his motion because his case had been bounced from judge to judge.

Ogundele cites no authority that precludes application of the five year rule based on his assertions, and we find none. "[The five year rule] places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record."[11] There being no written order of any sort during a period in excess of five years, the trial court correctly determined that the case stood automatically dismissed by operation of law.[12]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 24, 2004 —
RECONSIDERATION DENIED JULY 9, 2004.

Kunle Ogundele, *pro se.*

---

[8] *Faircloth*, supra at 916.

[9] Id.

[10] See OCGA § 9-11-55 (a); *Wise Moving & Storage v. Rieser-Roth*, 259 Ga. App. 832, 834 (2) (578 SE2d 535) (2003).

[11] (Citations omitted.) *Swint v. Smith*, 219 Ga. 532, 534 (1) (134 SE2d 595) (1964); see *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001).

[12] See *Swint,* supra at 535 (6).

*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Ryan M. Pott*, for appellees.