## A07A0808. VALDEZ v. R. CONSTRUCTION, INC.

(646 SE2d 329)

BARNES, Chief Judge.

Iris Valdez appeals the dismissal of her complaint against R. Construction, Inc. She contends the trial court improperly dismissed her complaint because there had been no adjudication on the merits or a finding on any material issues in the earlier action and thus the doctrines of res judicata and collateral estoppel did not apply. We agree, and reverse.

The record shows that Valdez filed the underlying action against R. Construction in the Superior Court of Gwinnett County alleging that R. Construction failed to pay for certain work that Valdez had performed under a contract between the parties. After R. Construction answered the complaint denying liability and asserting that Valdez's complaint failed to state a claim upon which relief could be granted because it was barred by the doctrines of collateral estoppel and res judicata, R. Construction moved to dismiss the complaint on those grounds, and the superior court dismissed her complaint for those reasons.

The record also shows that Valdez had filed an earlier complaint against R. Construction in the State Court of Gwinnett County, and that after R. Construction filed defensive pleadings and a counterclaim, Valdez's complaint was dismissed for want of prosecution. R. Construction's counterclaim, however, was tried to a jury and a verdict and judgment was rendered in favor of R. Construction. Although Valdez filed an appeal, it was dismissed because she did not timely file her appellant's brief and enumeration of error.

The record further shows that the complaint in the Superior Court of Gwinnett County was filed within the statute of limitation for such actions while the state court action on R. Construction's counterclaim was pending. Valdez acknowledges that the substance of her case in superior court was the complaint she filed in state court. In fact, in her appellant's brief Valdez admits that "both cases involved the identical claims, facts, and parties; in fact, the complaints were virtually verbatim."

The record, however, does not contain R. Construction's counterclaim against Valdez in the state court. In her appellant's brief, Valdez alleges that R. Construction filed a timely answer and an accompanying permissive counterclaim that stemmed from an earlier unrelated dispute about a contract on another project. Valdez's

brief[1] further alleges that the answer filed by R. Construction in the superior court case restated the counterclaim that was asserted in the state court action. Examination of the counterclaim in the superior court shows that it was based upon $800 that R. Construction had advanced to Valdez and that Valdez had not repaid, and the state court issued a judgment for $800 based upon the counterclaim. Under these circumstances, we cannot conclude that the decision on the counterclaim adjudicated Valdez's claim against R. Construction.

The doctrine of res judicata has three prerequisites: (1) identity of parties, including their privies; (2) identity of the cause of action; and (3) adjudication on the merits by a court of competent jurisdiction. OCGA § 9-12-40; *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995). The related doctrine of collateral estoppel precludes a further adjudication of issues that were previously litigated and adjudicated on the merits in another action between the same parties or their privies.

> Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided.

(Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, supra at 867 (2).

Considering the record before us, the doctrines of res judicata and collateral estoppel do not apply to Valdez's action in superior court because R. Construction has not established that Valdez's complaint in state court was previously adjudicated on the merits.

---

[1] As R. Construction's brief does not point out any material inaccuracy or incompleteness in Valdez's statement of facts, it has consented to a decision based on her statement of facts. "Except as controverted, appellant's statement of facts may be accepted by this Court as true." Court of Appeals Rule 25 (b) (1).

The record plainly shows that Valdez's state court case was terminated by its dismissal for want of prosecution, which is not an adjudication on the merits. OCGA § 9-11-41 (b) (1).

Accordingly, the judgment of the superior court dismissing Valdez's complaint must be reversed and the case remanded for further proceedings.

*Judgment reversed and case remanded. Smith, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2007.

*Leonard S. Goldstein*, for appellant.
*Gregory W. Lancaster*, for appellee.

