**THIRD DIVISION
MIKELL, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 27, 2012**

# In the Court of Appeals of Georgia

A12A1494. JINKS et al. v. EASTMAN ENTERPRISES, INC. et al.

RAY, Judge.

On February 3, 2012, the Spalding County State Court dismissed Steven and Lisa Jinks' complaint against Game Tracker, Inc. because no written order had been entered in the case for five years. OCGA § 9-2-60 (b) ("Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff."). The Jinkses appeal from that dismissal, arguing that the court signed an order granting the plaintiffs' attorney a leave of absence within the five-year period, thereby precluding dismissal under the statute.[1] The standard of

---

[1] "In order to toll the running of the five-year period that results in automatic dismissal for non-action, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." *Zepp v.*

review for a question of law on appeal is de novo, and we find no plain legal error here. See *Clark v. Clark*, 293 Ga. App. 309 (667 SE2d 103) (2008). Pretermitting whether a written, signed, and filed order granting a leave of absence would toll the running of the five-year period, the trial court's order granting that leave of absence was void because it was entered while the case was stayed by a bankruptcy petition. We therefore affirm the trial court's dismissal of the action because, excluding the period during which the action was subject to the bankruptcy stay, more than five years had elapsed without a valid written order, signed by the trial judge, and filed with the clerk of the court.

The facts of this case are not disputed. In September 2000, the Jinkses filed a complaint against Eastman Enterprises, Inc., Game Tracker, Inc., and ABC Corporation, asserting that Steven Jinks suffered injuries when he used an allegedly defective product manufactured by the defendants. The trial court dismissed Eastman Enterprises and ABC Corporation from the case on December 27, 2001, after Game Tracker admitted it was the manufacturer of the product. This was the last order entered in the case before Game Tracker filed a voluntary petition with the United

*Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008) (citations and punctuation omitted).

States Bankruptcy Court on October 15, 2004. Despite the fact that the case had been stayed because of the bankruptcy petition, the trial court entered an order granting the plaintiffs' attorney a leave of absence on January 14, 2008.

On May 1, 2008, Steven Jinks filed a motion for relief from the automatic stay in bankruptcy court. The bankruptcy court granted, in part, his relief from the automatic stay on May 30, 2008, and the trial court entered an order setting the case for a pre-trial conference on July 1, 2011. This was the first order entered after the bankruptcy court lifted the automatic stay. The trial court subsequently found that the order granting the leave of absence was void because it was in violation of the automatic stay following Game Tracker's bankruptcy filing, and on February 3, 2012, the trial court dismissed the Jinkes' complaint for want of prosecution pursuant to OCGA § 9-2-60 (b).[2]

---

[2] The court specifically found that the time between valid orders entered by the trial court (the time between the December 27, 2001 order and the July 1, 2011 order) was nine years, six months, and four days, and that the case was inactive due to the bankruptcy stay (the time between the bankruptcy filing on October 15, 2004 and the time the bankruptcy court granted Steven Jinks' motion for relief from the bankruptcy stay on May 30, 2008) for three years, seven months, and fifteen days. Thus, excluding the period during which the action was subject to the bankruptcy stay, the matter remained pending in the trial court for over five years without any order having been entered.

The Jinkses appeal, arguing that the order granting the leave of absence was not in violation of the automatic stay and therefore tolled the five-year rule. We disagree. Under federal law, when a bankruptcy petition is filed, state court proceedings are automatically stayed. 11 USC § 362. Georgia case law is also quite clear. During the pendency of the bankruptcy stay, state courts lack the ability to exercise judicial power or discretion or otherwise proceed with the case. See *Schafer v. Wachovia Bank of Georgia,* 248 Ga. App. 466, 467 (1) (a) (546 SE2d 846) (2001); see also *Strauss Fuchs Organization v. LaFitte Investments*, 177 Ga. App. 891, 893-894 (1) (341 SE2d 873) (1986) (jurisdiction of the state court is suspended until the case is remanded to the state court, at which time the case resumes the status it occupied at the time of the removal). Any orders or judgments entered in violation of the automatic bankruptcy stay are void; they "are deemed without effect and are rendered an absolute nullity." See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997) (citation and punctuation omitted); see also *McKeen v. Fed. Deposit Ins. Corp.*, 274 Ga. 46, 48 (549 SE2d 104) (2001).

While the Jinkses cite *Shafer*, 248 Ga. App. at 467 (1) (a), in support of their argument that certain acts have validity even if entered during the bankruptcy stay, we do not find that argument persuasive. The actual holding of the *Schafer* case was

that the automatic bankruptcy stay did not apply to Wachovia because it was never scheduled as a creditor in the bankruptcy petition and, therefore, never received notice of the bankruptcy or stay as required by federal law. Id. In dicta, the Court went on to discuss the difference between a ministerial act by the clerk in re-issuing a summons of process (which might not violate the bankruptcy stay) and a court order which would be the exercise of judicial discretion and would violate the automatic stay. Id. The *Schafer* case made it clear that the purported exercise of judicial discretion would violate the automatic stay and therefore be a void act. Id. A signed order by a judge represents an exercise of judicial discretion and violates the bankruptcy stay.

Because the January 14, 2008 order granting the plaintiffs' attorney a leave of absence was improvidently entered in violation of the automatic stay in bankruptcy, it was void, and the record affirmatively shows that the case was inactive for a period of five years when the bankruptcy stay was not in place. The trial court correctly determined that the case had been dismissed by operation of law pursuant to OCGA § 9-2-60 (b).

*Judgment affirmed. Mikell, P. J., and Miller, J., concur.*

5