**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 9, 2013**

# In the Court of Appeals of Georgia

A13A0913. GAJAANAN INVESTMENT LLC v. SHAHIL & SOHAIL CORPORATION, INC.

BARNES, Presiding Judge.

In this case involving a dispute over the sale of a gasoline and convenience store business, Gajaanan Investment, LLC sued several defendants for breach of contract and fraud. A jury returned a verdict in favor of Gajaanan Investment on its breach of contract and fraud claims. The trial court thereafter granted the defendants' renewed motion for a directed verdict on the fraud claim and entered judgment on the jury verdict in favor of Gajaanan Investment only on the breach of contract claim. On appeal, Gajaanan Investment contends that the trial court erred by failing to grant its motion to preclude the defendants from contesting the merits of the fraud claim under the doctrines of res judicata and collateral estoppel, and by granting the defendants' renewed motion for a directed verdict on the fraud claim. For the reasons discussed below, we affirm.

The record reflects that in February 2008, Shahil & Sohail Corporation, Inc. sold the assets of its gasoline and convenience store business to Gajaanan Investment. Shahil & Sohail Corporation's principals, Vanjaria Masoom and Yusafali Lorgat, participated in the transaction and made certain representations to Gajaanan Investment regarding the sale of the business. Subsequently, in August 2008, Gajaanan Investment commenced this action against Shahil & Sohail Corporation, Masoom, and Lorgat, alleging breach of contract and fraud in connection with the sale.

Defendants Masoom and Lorgat then filed a petition for protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia. Gajaanan Investment responded by filing an adversary proceeding in the bankruptcy court in which it argued that its claims asserted against Masoom and Lorgat in the state court action were nondischargeable and that, consequently, the automatic bankruptcy stay should be modified so that the state court action could proceed.

On February 9, 2012, following a trial in the adversary proceeding, the bankruptcy court entered an order finding that because Masoom and Lorgat had "fraudulently misrepresented a critical fact in connection with the sale of [their]

2

business to [Gajaanan Investment], any damages that arise from that misrepresentation are *nondischargeable*."[1] (Emphasis in original.) Consequently, the bankruptcy court ruled that the automatic bankruptcy stay would be modified "to permit [Gajaanan Investment] to litigate [its] claims against Defendants [Masoom and Lorgat] in state court, including damages."

The state court action moved forward after the automatic stay was modified, a pretrial conference was held and a pretrial order entered, and a jury trial ultimately was set to begin on July 16, 2012. On the morning of July 16, Gajaanan Investment for the first time filed a motion to preclude the defendants from contesting the merits of its fraud claim under the doctrines of res judicata and collateral estoppel. Gajaanan Investment argued that the bankruptcy court's finding in its February 9, 2012 order that Masoom and Lorgat had made a fraudulent misrepresentation in connection with the sale of the business precluded the defendants from challenging the merits of the fraud claim in the state court action. Gajaanan Investment requested that the trial

---

[1] Under the United States Bankruptcy Code, there is an exception to discharge for debts that a creditor can establish were incurred through "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." See 11 USC § 523 (a) (2) (A).

court rule that the only remaining issue for a jury to determine with respect to its fraud claim was the amount of actual and punitive damages that should be awarded.

At the pretrial motions hearing held later that day, Gajaanan Investment called the trial court's attention to its motion filed that morning and argued that res judicata and collateral estoppel applied with regard to its fraud claim. The defendants responded that res judicata and collateral estoppel did not apply because the bankruptcy court had merely "determine[d] the dischargeability of the action that was already pending" and had not intended to adjudicate the merits of the controversy. The defendants further responded that Gajaanan Investment's motion, filed on the morning of trial, was inconsistent with and violated the pretrial order that had been entered. The trial court denied Gajaanan Investment's motion. Gajaanan Investment later asked for reconsideration of its motion, and the defendants argued, among other things, that the motion should be denied because "[t]here is a pretrial order in this case that was entered." The trial court denied the motion for reconsideration.

A jury trial ensued on Gajaanan Investment's claims for breach of contract and fraud. After the close of all the evidence, Gajaanan Investment renewed its motion for application of res judicata and collateral estoppel. The defendants responded that the

pretrial order controlled, and the trial court denied Gajaanan Investment's renewed motion.

The defendants moved for a direct verdict on Gajaanan Investment's fraud claim, and the trial court deferred ruling on the motion until after the jury's verdict. The jury returned a verdict in favor of Gajaanan Investment, and the defendants renewed their motion for a directed verdict on the fraud claim. The trial court granted the defendants' renewed motion. The trial court subsequently entered judgment in favor of Gajaanan Investment on its breach of contract claim but denied Gajaanan Investment recovery on its fraud claim. Gajaanan Investment now appeals from the judgment.

1. Gajaanan Investment contends that the trial court erred in denying its motion to preclude the defendants from contesting the merits of its fraud claim under the doctrines of res judicata and collateral estoppel. We disagree.

The doctrines of res judicata and collateral estoppel both require an adjudication on the merits by a court of competent jurisdiction in a prior action between the same parties or their privies. See *Valdez v. R. Constr., Inc.*, 285 Ga. App. 373, 374 (646 SE2d 329) (2007). Here, however, there was no prior adjudication on the merits by the bankruptcy court. Notably, the bankruptcy court's discussion of the

fraud issue was in the context of its ruling on whether the automatic stay should be

modified so that the pending state court litigation could proceed. Where, as in the

present case, a debtor files for bankruptcy protection during the pendency of a state

court action, jurisdiction of the state court is suspended until the automatic

bankruptcy stay is lifted, whereupon the case resumes the status it occupied when the

stay initially took effect. See *Jinks v. Eastman Enterprises*, 317 Ga. App. 489, 491

(731 SE2d 378) (2012); *Strauss Fuchs Organization v. LaFitte Investments*, 177 Ga.

App. 891, 893-894 (1) (341 SE2d 873) (1986). In other words, a bankruptcy court

order modifying the automatic stay simply returns the parties in the already pending

state court action to the status quo ante; it does not render a final determination as to

the nature and extent of the rights of the parties under state law. The bankruptcy

court's February 9, 2012 order thus was not entitled to preclusive effect, and

Gajaanan Investment's reliance on that order to support is argument for the

application of res judicata and collateral estoppel was misplaced.[2]

---

[2] The present case is distinguishable from those where the state court action is brought only after the conclusion of the bankruptcy court proceedings. See *Anderson Oil Co. v. Benton Oil Co.*, 246 Ga. 304, 305-306 (1) (271 SE2d 207) (1980); *Playnation Play Sys. v. Hammer*, 277 Ga. App. 675, 676-677 (627 SE2d 415) (2006).

Furthermore, a "bankruptcy court's order lifting the stay determines the scope of actions it is allowing." *Butler v. Household Mtg. Svcs.*, 244 Ga. App. 353, 354 (1) (535 SE2d 518) (2000). In the present case, the bankruptcy court, in modifying the automatic bankruptcy stay, expressly authorized the litigation of the fraud claim to proceed in the state court case and thus did not intend to conclusively determine the outcome of that claim. Specifically, as noted supra, the bankruptcy court ruled in its February 9, 2012 order that the automatic bankruptcy stay would be modified "to permit [Gajaanan Investment] to litigate [its] claims against Defendants [Masoom and Lorgat] in state court, *including damages*." (Emphasis supplied.) The face of the bankruptcy court's order, therefore, reflects that the bankruptcy court did not intend to limit the litigation in the state court action to the issue of damages on Gajaanan Investment's fraud claim. As such, the doctrines of res judicata and collateral estoppel were inapplicable to the fraud claim, as the trial court properly determined. See *Akridge v. Silva*, 298 Ga. App. 862, 866-867 (3) (681 SE2d 667) (2009) (res judicata did not bar relitigation over proper distribution of funds in bank account, where

7

bankruptcy court order expressly "allow[ed] the state court to determine the proper distribution").[3]

Nevertheless, even if the bankruptcy court's February 9, 2012 order constituted a prior adjudication on the merits of the fraud claim, we still would affirm the trial court's denial of Gajaanan Investment's motion under the circumstances of this case. As previously indicated, the defendants' principal argument before the trial court was that Gajaanan Investment's motion for application of res judicata and collateral estoppel, which was not filed until the morning of trial, was inconsistent with and violated the pretrial order that had been entered and should be denied on that basis.

"The Civil Practice Act provides that once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." (Footnote and punctuation omitted.) *Ga. Dept. of Human Resources v.*

---

[3] Defendant Shahil & Sohail Corporation was not a party to the bankruptcy court adversary proceeding, nor is it in privity with Defendants Masoom and Lorgat. See *Anderson Oil Co.*, 246 Ga. at 306 (2), n. 6 (corporation and corporate officer are not in privity for res judicata and collateral estoppel purposes). Compare *Speir v. Krieger*, 235 Ga. App. 392, 398-400 (3) (509 SE2d 684) (1998) (privity exists between corporation and corporate officer if the corporate veil has been pierced). For this additional reason, res judicata and collateral estoppel could not be applied against Defendant Shahil & Sohail Corporation. See *Valdez v. R. Constr., Inc.*, 285 Ga. App. at 374 (res judicata and collateral estoppel require prior action involving same parties or their privies).

*Phillips*, 268 Ga. 316, 318 (1) (486 SE2d 851) (1997). See OCGA § 9-11-16 (b). "[U]nless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order." (Citations and punctuation omitted.) *Williams v. Martin*, 273 Ga. App. 562, 564 (1) (615 SE2d 774) (2005). The decision whether to disallow a party from raising matters inconsistent with the pretrial order "is within the discretion of the trial court." *Morris v. Nat. Western Life Ins. Co.*, 208 Ga. App. 443, 445 (2) (430 SE2d 813) (1993). See *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977).

Gajaanan Investment, however, elected not to specify the pretrial order for inclusion in the record, despite the fact that the pretrial order was central to the defendants' argument before the trial court regarding why the motion for application of res judicata and collateral estoppel should be denied. Instead, Gajaanan Investment instructed the clerk of the state court to omit from the record on appeal everything except for its motion for application of res judicata and collateral estoppel; a certified copy of the bankruptcy court order; and excerpts from the trial transcript in which Gajaanan Investment raised the issues of res judicata and collateral estoppel.

Gajaanan Investment, as appellant, "bore the burden of ensuring an accurate and complete record on appeal" so that this Court could objectively and fully review

9

the trial court's ruling. (Citation and punctuation omitted.) *Griffin Builders v. Synovus Bank*, 320 Ga. App. 307, 309 (739 SE2d 760) (2013). See *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999) ("A party alleging error carries the burden of showing it affirmatively by the record[.]"). Where, as here, "a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466) (1990). See *Steele v. Atlanta Maternal-Fetal Medicine*, 283 Ga. App. 274, 277 (2) (641 SE2d 257) (2007) ("In the absence of a sufficient record, we must assume that the trial court's ruling was proper.") (punctuation and footnote omitted). For this additional reason, the trial court's denial of Gajaanan Investment's motion for application of res judicata and collateral estoppel must be sustained. See id.

2. Gajaanan Investment also enumerates as error the trial court's grant of the defendants' renewed motion for a directed verdict on the fraud claim. But Gajaanan Investment does not present any separate legal argument for why the trial court should have denied the defendants' renewed motion for a directed verdict.[4] Rather,

_____

[4] Any legal arguments that Gajaanan Investment could have made separately for reversing the trial court's grant of the defendants' renewed motion thus have been abandoned. See Court of Appeals Rule 25 (c) (2); *Rolleston v. Estate of Sims*, 253 Ga.

10

Gajaanan Investment appears only to maintain that because the trial court should have granted its motion for application of res judicata and collateral estoppel regarding the fraud claim, the court likewise erred in granting the defendants' renewed motion for a directed verdict on that claim. Consequently, the trial court's grant of the defendants' renewed motion for a directed verdict is affirmed for the same reasons discussed supra in Division 1.

*Judgment affirmed. Miller and Ray, JJ., concur*.

---

App. 182, 188 (8) (558 SE2d 411) (2001).