**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 6, 2015**

# In the Court of Appeals of Georgia

A15A0447. MILLER et al. v. LOMAX et al.

McFADDEN, Judge.

This appeal is from a dismissal under Georgia's five-year rule. Lee Miller (individually and in her role as trustee of the Linda J. Miller Irrevocable Special Needs Trust) and Robert McCready Miller (individually and in his role as next friend of his minor son, Robert Jacob Miller) (collectively, "the plaintiffs") brought this action against Robert R. Lomax (in his role as executor of the estate of Thomas Eugene Miller), Carolyn Baldwin Miller, and Ray's Uptown Body Shop, Inc. (collectively, "the defendants"). The trial court dismissed the action finding that no written order had been taken in the case for a period of five years, and denied the plaintiffs' motion for reconsideration of the dismissal. See OCGA §§ 9-2-60 (b); 9-11-41 (e). The plaintiffs argue that these rulings were error because the trial court had

entered an order authorizing an attorney to withdraw during the five-year period, but the record shows that the order was void because it was entered in violation of a bankruptcy stay. Alternatively, the plaintiffs argue that a pending motion to recuse tolled the five-year period, but Georgia law does not support this argument. Accordingly, we find that the trial court did not err in dismissing the action under the five-year rule, and we affirm.

1. *Five-year rule.*

Georgia's five-year rule is set out in two statutes, OCGA § 9-2-60 (b), which provides that "[a]ny action or proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff," and OCGA § 9-11-41 (e), which contains similar language. Together, the two Code sections "provide for the automatic dismissal of any action filed in a Georgia court of record when 'no written order is taken for a period of five years[.]'" *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008) (punctuation omitted; quoting OCGA § 9-2-60 (b)). The five-year rule "places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five[-]year period and to make sure the same is entered

2

in the record." *Ogundele v. Camelot Club Condominium Assn.*, 268 Ga. App. 400, 402 (2) (602 SE2d 138) (2004) (citations and punctuation omitted). We review de novo the trial court's application of the five-year rule to automatically dismiss this case. See *Jinks v. Eastman Enterprises*, 317 Ga. App. 489, 489-490 (731 SE2d 378) (2012), overruled in part on other grounds by *O'Dell v. Mahoney*, 324 Ga. App. 360, 369 (5) (750 SE2d 689) (2013).

2. *Facts and procedural posture.*

The record shows that, with the exception of the one withdrawal order disputed by the parties, no order was filed in this case between April 13, 2004 and September 4, 2012. During that time, the case was subject to two automatic bankruptcy stays, the first from April 12, 2005 to September 20, 2005 when one of the plaintiffs petitioned for bankruptcy, and the second from January 9, 2009 to November 4, 2009 when one of the defendants petitioned for bankruptcy. During the bankruptcy stays, the trial court was precluded from "commenc[ing] or continu[ing] . . . a judicial . . . action or proceeding against the debtor[.]" 11 USC § 362 (a) (1).

Some activity occurred in the case in July 2008, in the period between the two bankruptcy stays. That month, the plaintiffs filed a motion to recuse all of the judges in the circuit on the ground that a probate judge in the circuit would be a fact witness

3

in the case. The trial court did not rule on the motion to recuse. Also that month, one of the plaintiffs' attorneys sought to withdraw from the case. The trial court took no action on that attorney's request until November 12, 2008, when he signed an order authorizing the withdrawal. The withdrawal order was not filed with the clerk of court until January 21, 2009, during the pendency of the second bankruptcy stay. The order's effect on the five-year period is the subject of dispute between the parties.

In February 2013, the defendants moved to dismiss the case on the ground that no order had been taken in the case for more than five years. The trial court orally granted the motion at a hearing and the plaintiffs moved for reconsideration. On July 15, 2014, the trial court entered a written order dismissing the case and denying the motion for reconsideration.

On appeal, the plaintiffs challenge both the dismissal of their action and the denial of their motion for reconsideration. They argue that the five-year rule does not require the dismissal of their action for two reasons: because the withdrawal order filed during the second bankruptcy stay was a written order that was taken within the five-year period, and because their motion to recuse tolled the five-year period.

3. *The effect of the withdrawal order.*

4

The plaintiffs argue that the trial court erred in dismissing their action under the five-year rule because an order was taken within the applicable five-year period – namely, the order permitting counsel to withdraw from representation. We disagree. As detailed below, the withdrawal order was void because it was entered in violation of a bankruptcy stay.

Our Supreme Court has explained that there are three criteria that must be met for an order to prevent the automatic dismissal of an action under the five-year rule: the order "must be written, signed by the trial judge, and *properly entered in the records of the trial court by filing it with the clerk*." *Zepp*, 283 Ga. at 396 (citations and punctuation omitted; emphasis supplied). Accordingly, "dismissal cannot be avoided even by obtaining a written order signed by the trial court until such order is duly entered in the record by filing it with the clerk." *Willis v. Columbus Medical Center*, 306 Ga. App. 331, 332 (702 SE2d 673) (2010) (citation and punctuation omitted).

Before the withdrawal order was entered by filing with the clerk, however, the case became subject to an automatic bankruptcy stay under 11 USC § 362 (a) (1). "Any orders or judgments entered in violation of [an] automatic bankruptcy stay are void; they are deemed without effect and are rendered an absolute nullity." *Jinks*, 317

5

Ga. App. at 491 (citation and punctuation omitted). See *McKeen v. FDIC*, 274 Ga. 46, 48 (549 SE2d 104) (2001). Notwithstanding this principle, the plaintiffs make several arguments for why the withdrawal order should be given effect. We are not persuaded by those arguments.

(a) *Ministerial act.*

The plaintiffs' primary argument is that the entry of the withdrawal order by filing it with the clerk was a ministerial act that did not violate the bankruptcy stay. See *Roberts v. Commr.*, 175 F3d 889, 897 (II) (B) (11th Cir. 1999) ("ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement . . . do not constitute continuations of . . . a proceeding" such that they would be subject to a bankruptcy stay) (citations omitted). In support of their argument, the plaintiffs cite the holding of the United States Court of Appeals for the Second Circuit in *Rexnord Holdings v. Bidermann*, 21 F3d 522 (2d Cir. 1994), that "the simple and 'ministerial' act of the entry of a judgment by the court clerk" is not a "continuation of a judicial proceeding" in violation of a bankruptcy stay. Id. at 527 (2).

The rationale of *Rexnord Holdings* is not applicable here. The court in that case based its holding on a determination that the "judicial proceedings were *concluded*

6

at the moment the judge directed entry of judgment," even though the judgment had not yet been filed. Id. at 528 (2) (emphasis supplied). Georgia law, however, provides that "no judgment shall be effective *for any purpose*" until its entry, which occurs when it is filed with the clerk. OCGA § 9-11-58 (b) (emphasis supplied). This principle has been extended by implication to include rulings on orders of any kind. *In re Smith*, 211 Ga. App. 493, 495 (1) (439 SE2d 725) (1993).

Consequently, unlike in *Rexnord Holdings*, the trial court's ruling on the withdrawal motion was not "concluded" until the order on that motion was filed with the clerk. Before its filing, the signed order "was without legal effect." *Andrew L. Parks, Inc. v. Suntrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001). And by the time it was filed, the trial court in this case "lack[ed] the ability to exercise judicial power or discretion or otherwise proceed with the case" on account of the bankruptcy stay. *Jinks*, 317 Ga. App. at 491 (citations omitted). As a result, unlike the judgment in *Rexnord Holdings* that operated to "conclude" that proceeding even though it had not yet been filed, the signed withdrawal order in this case was a nullity because it was not filed at a time when the trial court had the ability to exercise judicial power in the case. See *Andrew L. Parks, Inc.*, 248 Ga. App. at 847 (previously signed order was nullity because it was filed at a time when the trial court

7

no longer had jurisdiction over the case); see also *Gajaanan Investment v. Shahil & Shahil Corp.*, 323 Ga. App. 694, 696 (1) (747 SE2d 713) (2013) (bankruptcy stay suspends state court's jurisdiction); *Strauss Fuchs Organization v. LaFitte Investments*, 177 Ga. App. 891, 893-894 (1) (341 SE2d 873) (1986) (analogizing effect of bankruptcy stay to state court's loss of jurisdiction when case is removed to federal court). See generally *Doe v. Fireman's Fund Ins. Co.*, 843 NW2d 639, 643-644 (Neb. 2014) (rejecting argument that act of filing an order of default judgment was ministerial and not in violation of bankruptcy stay, where before stay trial court had made both oral ruling and docket entry of judgment, because characterization of filing as ministerial was inconsistent with applicable state law, which required filing for entry of judgment).

Nevertheless, the plaintiffs argue that we adopted the rationale of *Rexnord Holdings* when we cited that case for the proposition that "the reissuance of summons of process by the clerk constituted a ministerial act, which was not stayed [under the bankruptcy law]." *Schafer v. Wachovia Bank of Georgia*, 248 Ga. App. 466, 467 (1) (a) (546 SE2d 846) (2001) (citations omitted), overruled in part on other grounds by *O'Dell v. Mahoney*, 324 Ga. App. 360, 369 (5) (750 SE2d 689) (2013). Unlike the order on the withdrawal motion in this case, the reissuance of a summons is not an

8

order and is not governed by the rule that filing is required for a judgment or order to be effective. Moreover, we have since clarified that the discussion of ministerial acts in *Schafer* was merely dicta and did not support an argument that "certain acts have validity even if entered during the bankruptcy stay." *Jinks*, 317 Ga. App. at 491.

We are also unpersuaded by the plaintiffs' reliance on *Titelman v. Stedman*, 277 Ga. 460 (591 SE2d 774) (2003), to characterize the act of entering the order as merely ministerial. *Titelman* involved the appropriate recourse when a trial court refused to sign any order or to provide any other written documentation of an oral ruling. Id. at 461-462.

The plaintiffs make a separate but related argument that the trial court's very act of ruling on the withdrawal motion was ministerial because he was obligated to grant the motion. Again, we disagree. A trial court's ruling on a motion to withdraw as counsel involves the exercise of discretion. See *King v. Peeples*, 328 Ga. App. 814, 818 (4) (762 SE2d 817) (2014) (ruling on attorney's request to withdraw is reviewed on appeal for abuse of discretion). Uniform Superior Court Rule 4.3 (1) provides that an attorney's withdrawal request "will be granted unless *in the judge's discretion* to do so would delay the trial or otherwise interrupt the orderly operation of the court or be manifestly unfair to the client." (Emphasis supplied.) In fact, in their appellate

reply brief the plaintiffs describe the trial court's signing of the withdrawal order as an "exercise in judicial discretion."

Nevertheless, the plaintiffs argue that in this case the trial court had no discretion but to permit the withdrawal because, shortly before the trial court signed the order, the attorney seeking withdrawal was elected to the superior court. It is true that a sitting superior court judge may not continue to practice law. See OCGA § 15-6-5; Ga. Code Jud. Conduct Canon 5 (F). And it is highly unlikely that any order by a trial court purporting to compel a sitting superior court judge to do so would be sustainable. But this case does not involve such an order. Instead, the trial court signed an order permitting the attorney to withdraw. This appeal merely concerns the implications, for the parties of this action, of the failure to enter that order before the imposition of the bankruptcy stay. The plaintiffs have pointed to no authority requiring us to view the trial court's act of signing the withdrawal order as ministerial so as to exempt the subsequent entry of that order from the bankruptcy stay, and we decline to do so.

(b) *Manifest injustice.*

The plaintiffs argue that the withdrawal order must be given effect, despite its filing and entry during the bankruptcy stay, because to do otherwise would create a

"manifest injustice" to the attorney who sought to withdraw by creating uncertainty about his status and the potential conflict between his role as counsel in this case versus his role as a superior court judge. But the possible difficulty posed to that attorney by the trial court's failure to enter the withdrawal order before the imposition of the bankruptcy stay is not at issue in this case.

The only issue is whether the criteria were met for an order to be "taken" in the case, preventing the case's automatic dismissal under the five-year rule. "Whatever the merits [of the underlying case], if for five years there is no written order signed by the trial judge and properly entered in the trial court's records, the case is dismissed by operation of law." *Windsor v. City of Atlanta*, 287 Ga. 334, 337 (695 SE2d 576) (2010). This is a "bright-line rule of enforcement" that furthers the five-year rule's statutory dual purposes of "remov[ing] from trial courts those cases whose continued pendency only clutter the dockets" and "protect[ing] litigants from dilatory counsel" by "adding certainty and objective consistency to the manner in which its provisions are applied." *Zepp*, 283 Ga. at 396-397 (citations and punctuation omitted). Although the plaintiffs complain that the trial court should not have delayed entering the withdrawal order, the five-year rule "places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a

11

written order of continuance or other written order at some time during a five[-]year period *and to make sure the same is entered in the record.*" *Ogundele*, 268 Ga. App. at 402 (2) (citations and punctuation omitted; emphasis supplied). Their failure to do so subjects their case to automatic dismissal. See *Windsor*, 287 Ga. at 337.

4. *The effect of the recusal motion.*

The plaintiffs argue that their July 2008 motion to recuse all of the circuit judges tolled the running of the five-year rule. They point to the requirement of Uniform Superior Court Rule 25.3 that,

> [w]hen a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted.

While the plaintiffs acknowledge the lack of authority addressing the effect of a motion to recuse on the running of the five-year rule, they analogize the filing of such motion to the imposition of a bankruptcy stay.

The plain language of Uniform Superior Court Rule 25.3 reveals the plaintiffs' analogy to be flawed. As discussed above, a bankruptcy stay suspends the trial court's

12

jurisdiction. *Gajaanan Investment*, 323 Ga. App. at 696 (1). During the pendency of the bankruptcy stay, the trial court cannot "continu[e] . . . a judicial . . . action or proceeding against the debtor[.]" 11 USC § 362 (a) (1). A motion to recuse, in contrast, does not suspend the trial court's jurisdiction. It merely requires that the trial court temporarily cease to act upon the merits of the matter while it addresses the motion. Unif. Super. Ct. R. 25.3. The trial court was free to enter an order denying the motion to recuse or referring it to another judge. Id. Either such order, if written, signed, and entered within the five-year period in this case, would have served as an "order . . . taken" during the five-year period pursuant to OCGA § 9-2-60 (b). The plaintiffs' filing of a motion to recuse did not relieve them of their duty to obtain an order within the five-year period so as to avoid the automatic dismissal of their action. See *Ogundele*, 268 Ga. App. at 402 (2).

5. *Motion for reconsideration.*

Given that the trial court did not err in dismissing the action under the five-year rule, the trial court likewise did not err in denying the plaintiffs' motion for reconsideration of that dismissal.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*

13